STATE AUTOMOBILE MUT. INS. CO. *v.* CONNABLE-JOEST, INC.

(*Nashville,* December Term, 1938.)

Opinion filed March 4, 1939.

GROVER N. McCORMICK and ROBERT BURTON, both of Memphis, for plaintiff in error.

BABENDREER & SPEARS, of Memphis, for defendant in error.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

This is an action on a policy of liability insurance issued by the State Automobile Mutual Insurance Company to Connable-Joest, Incorporated, to recover property damage to an automobile suffered when it fell off a hoist while elevated for the purpose of being greased and oiled.

The policy, known as a Public Garage Liability Insurance policy, was in full force and effect on the 30th day of January, 1937, when the accident involved in this suit occurred. The insured was operating an automobile service station and garage in the City of Memphis, Tennessee, and one of its customers left his automobile with the insured to be serviced by having the oil changed and greased sometime during the day. It was understood that when the work was finished the customer would be notified. While the automobile was in complete charge and control of the insured, and while insured's employees had the automobile elevated on a hoist maintained at its service station for the purpose of greasing and oiling automobiles, the automobile in some way became overbalanced and fell to the concrete floor and was damaged. When, in due course, the insurance company was notified of the accident, it took the position that the policy did not cover the damage to the automobile in charge of the insured while being worked on at its place of business, and denied liability. Thereupon the amount of loss suf-

fered by the customer was paid by the insured, and this suit was instituted to recover the amount so paid.

The pertinent parts of the policy of insurance are as follows:

"State Automobile Mutual Insurance Company . . . does hereby insure the named assured (Connable-Joest, Inc.), as hereinafter provided in the schedule of hazards.

"Schedule of Hazards

"Against liability for loss and/or expense resulting from claims upon the named assured for damages, not exceeding the limits hereinafter set forth, if such claims are made on account of

"(I)    Bodily injury, including death resulting there-
Liability   from, accidentally sustained by any person or persons and/or

"(II)   Damage to or destruction of property of oth-
Property  ers and loss of use thereof and if such claims
Damage  are caused, while this policy is in force, by reason of:

"(a)     The ownership, maintenance, occupation, or use of an automobile sales agency, service station, repair shop, and/or public garage at the location described in Declaration 2, and the public ways immediately adjoining, including all operations either on the premises or elsewhere which are necessary and incidental thereto, *the operation of hoists to raise motor vehicles for the greasing, oiling, or repairing thereof,* ordinary repairs to all buildings on the premises and mechanical equipment therein, and structural and mechanical repairs to motor vehicles and their parts and/or

"(b)    The use, ownership, maintenance, or operation (including loading and unloading) within the limits of the United States. of America and the Dominion of Canada of any style, type, or make of motor vehicle, tractor, or trailer for any purpose in connection with the work defined in Paragraph (a) above and for pleasure use." (Italics ours.)

Section 9 of the policy, under the title "Conditions, Limitations, and Agreements," is as follows:

"9. Exclusions. The Company shall not be liable for claims resulting from bodily injuries or death or damage to or destruction of property caused: (a) By . . .; (b) By . . .; (c) By any elevator or other platform elevating device, its appliances, shaft, or hoistway, or any hoisting device operated through any hatchway, floor, or sidewalk opening, *except as provided in paragraph (a) of the Schedule of Hazards,* or by any aircraft, or by any boat; (d) By . . .; (e) By . . . The Company shall not be liable (f) For bodily injury, including death, sustained by any employee of the assured while engaged in the business of the assured or in the operation, maintenance, or repair of any motor vehicle covered hereunder, or by any person whose claim is allowable against the assured under any Workmen's Compensation Law now or hereafter in force; (g) *For damages to or destruction of property owned, rented, leased, in charge of, or transported by the assured.*" (Italics ours.)

The trial court awarded plaintiff judgment for the amount sued for. On defendant's appeal, the Court of Appeals affirmed the judgment of the trial court.

Defendant has filed its petition for *certiorari* to this court and assigned errors. *Certiorari* has been hereto-

fore granted and the case set down for argument, and argument has been heard.

The question presented by the several assignments of error is whether the loss to the automobile in question, resulting from its accidental fall from the hoist, or grease rack, in plaintiff's garage, while plaintiff was in complete charge of the automobile, is covered by the policy of insurance.

The Court of Appeals found as a fact that the automobile in question "was in the complete charge and control of plaintiff" at the time of the accident, for the purpose of being greased and oiled. Clause (g) of section 9 of the contract of insurance, quoted above, provides that the company shall not be liable "For damages to or destruction of property owned, rented, leased, *in charge of,* or transported by the assured." (Italics ours.)

Under paragraph (II) of the Schedule of Hazards the company insured against liability for "Damage to or Destruction of Property of Others . . . by reason of: (a) . . . *the operation of hoists to raise motor vehicles for the greasing, oiling, or repairing thereof,* . . . ." By clause (c) of the Exclusions (section 9) it is provided that the company shall not be liable for claims resulting from damage to person or property "By any elevator or other platform elevating device, . . ., or any hoisting device operated through any hatchway, floor, or sidewalk opening, *except as provided in paragraph (a) of the Schedule of Hazards.*" (Italics ours.)

██ ██ If the question of the liability of the insurance company is to be determined alone by the provisions of the policy just above mentioned, there could be no question of its liability for damage to the automobile caused by accidentally falling off the hoist. But the contract

must be construed as a whole, and the exclusions clause, wherein it was agreed that the company should not be liable for damage to property "owned, rented, leased, in charge of, or transported by the assured," must be given full force and effect. When so construed, it is clear that the policy, which is one of indemnity, afforded coverage to the insured in the event of damage to the property of others, not rented, leased by, or in charge of the insured.

It is contended by counsel for plaintiff that the phrase "in charge of" is synonymous with the associated words "owned, rented, leased, . . . , or transported," contained in the exclusions clause, and was intended to distinguish claims for damages to customers' automobiles from damages to automobiles in charge of the insured by reason of ownership, lease, rental, or while being transported by the insured. The construction contended for would do violence to the plain and unambiguous language of the contract. As is usual in policies of this character, the general coverage is first set forth and then the exclusions. The latter cannot, of course, be held to be in conflict with the former. The limitations of the insurance are found in the exclusions. The intent of the parties, as ascertained from the contract, was to exclude the insurance company from liability for claims for damage to property under the control and management of the insured, whether by virtue of ownership, lease, rental, or having charge of the property under any other authority, or in any other capacity.

This is a policy indemnifying the insured from loss, through its negligence, under claims made for personal injuries sustained by members of the general public and damage to the property of others not in its charge.

We are constrained, therefore, to reverse the judgment of the Court of Appeals and that of the trial court and dismiss the suit at the cost of Connable-Joest, Incorporated.