COHEN & POWELL, INC. *v.* THE GREAT AMERICAN INDEMNITY COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 4—decided November 6, 1940.

*Spencer S. Hoyt,* for the appellant (defendant).

*Edward W. Cohen,* for the appellee (plaintiff).

JENNINGS, J. A truck of the plaintiff was damaged by reason of the operation of a truck owned by one Muriello and being driven by his agent. The plaintiff recovered a judgment against Muriello and brought this action under § 4231 of the General Statutes against the defendant, which had issued a liability insurance policy to Muriello. The policy excluded liability for damages to property "in charge of" the insured. If, at the time of the injury, the plaintiff's truck was "in charge of" Muriello, the latter could not have recovered on the policy, and the plaintiff, who stands in his shoes, cannot. *Connecticut Wholesale Drug Co. v. New England Fire Ins. Co.,* 121 Conn. 514, 518, 186 Atl. 551. If, on the other hand, the truck was not "in charge of" Muriello, the loss would be within the terms of the policy and the plaintiff is entitled to judgment. The question determinative of this appeal is the correctness of the conclusion of the trial court that the truck was not in Muriello's charge and that therefore the liability of the defendant was not excluded from the coverage of the policy.

The finding discloses the following undisputed facts: Ralph Muriello, hereinafter referred to as the insured, was engaged in the motor freight transport business which he operated from a large garage leased by him in New Haven. The insured sublet a definitely allocated space in this garage to the plaintiff for the storage of one truck. This space was reserved for the exclusive use of the plaintiff. He had keys to the outer doors of the garage with free access at all times. The truck was stored in this space almost nightly and its van, cab and ignition were then locked. The truck was damaged while it was so stored. The insured had no right or duty to repair, service, use, drive or exercise any dominion or control over the plaintiff's truck.

On the date of the accident, the truck of the insured was covered by a liability insurance policy in the usual form, issued by the defendant, which contained the following clause:

"Exclusions

"This policy does not apply:

\* \* \* \* \* \* \* \* \*

"(f) under coverage B, (referring to property damage liability) to property owned by, rented to, leased to, in charge of, or transported by the insured."

Neither the policy as a whole nor the exclusions other than that cited are helpful in interpreting this phrase "in charge of." While the word "charge" has a very broad and varied meaning (*McLoughlin* v. *Shaw*, 95 Conn. 102, 107, 111 Atl. 62), a person or thing is not "in charge of" an insured within the meaning of the policy unless he has the right to exercise dominion or control over it. This element is present in every illustration of the use of the phrase which comes to mind; for example, a nurse in charge of a child, a warden in charge of a prison, a caretaker in charge of an estate. *Steffe* v. *Old Colony R. Co.,* 156

Mass. 262, 264, 30 N. E. 1137; *People* v. *Gould,* 345 Ill. 288, 323, 178 N. E. 133; 20 Words & Phrases, Permanent Edition, 413. No illustration omitting this element has been suggested by the defendant by citation or otherwise. As the trial court said: "Obviously the whole intendment of the policy is to insure Muriello against damage to the property, life and limb of others in connection with his motor transport business, but not to cover losses sustained by him with respect to property actually used or being transported by him." The finding discloses no duty or obligation on the part of the insured with regard to the plaintiff's truck and finds affirmatively that he never did exercise nor was he authorized to exercise any dominion or control over it.

The defendant contends that the phrase in question should be considered independently of the other situations stated in the exclusion clause; that is, that the insured may be in charge of property although it is not owned or leased by him. The meaning of the phrase has been considered in the way suggested by the defendant. The case relied on, *State Automobile Mutual Ins. Co.* v. *Connable-Joest, Inc.,* 174 Tenn. 377, 125 S. W. (2d) 490, supports this contention but is not otherwise helpful to the defendant. In that case the policy was a public garage policy and the automobile of a customer was being serviced by the insured.

The second and final argument of the defendant is that, because renting a space in his garage increased the risk, the defendant is not liable. The answer to this argument is the policy itself. Neither it nor any of the six indorsements have anything to say about the place where or the conditions under which the insured trucks shall be stored, except that they will be principally garaged in New Haven, Connecticut.

The trial court was correct in holding that the truck

was not in charge of the insured so as to bring the case within the exclusion clause of the policy.

There is no error.

In this opinion the other judges concurred.