MORTON F. LYON v.
THE AETNA CASUALTY AND SURETY COMPANY

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 79141

Memorandum filed May 11, 1951

*David R. Lessler,* of Bridgeport, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendant.

QUINLAN, J. This is not a case of first impression in the country. Indeed, were it not for the case of *Cohen & Powell, Inc.* v. *Great American Indemnity Co.,* 127 Conn. 257, upon a different state of facts, it seems to me probable that the decision of other courts in the country would have been accepted.

Here there was a policy of insurance, exhibit A. There was an exclusion clause. Among the exclusions: "This policy does not apply (i) under coverage (b) to property owned by, rented to, in charge of or transported by the insured." The property here was not owned by, rented to or transported by the insured. Consequently there is brought into focus the words "in charge of." So, basically, the question is, was the property "in charge of" the plaintiff? If it was, there is no coverage under the provisions of the policy.

The essential facts are these: On January 20, 1948, plaintiff, a garage repair shop owner, sustained a fire from a welder's torch. There were nine or ten automobiles in the garage, many of which were damaged. They were owned by individuals other than the plaintiff. They were brought to the garage by such persons for repairs. The insurance was issued in pursuance of General Statutes, Rev. 1949, § 2398. The plaintiff was to be compensated for repairs made. The cars were taken from owners and several driven into the garage. The plaintiff determined the manner and fashion of repairs. The plaintiff or his

employees could move cars about in the garage. When weather permitted and cars were finished, they were taken out of the garage into the plaintiff's lot or the highway. One of the cars damaged was jacked at the time of the fire and could not be moved. When the cars were surrendered, the keys were left in them. Plaintiff had key to the garage and locked it at night and the owners had no such key.

The relationship established was a bailment *Russell's Express, Inc.* v. *Bray's Garage, Inc.,* 94 Conn. 520.

A short reference to the other cases in the country and a distinction as to the facts in the *Cohen & Powell* case, supra, will suffice to explain the conclusion reached. In the case of *State Automobile Mutual Ins. Co.* v. *Connable-Joest, Inc.,* 174 Tenn. 377, 382, the court said, as to a like exemption clause, "This is a policy indemnifying the insured from loss, through its negligence, under claims made for personal injuries sustained by members of the general public and damage to property of others not in its charge," and the intent was construed to exclude the insurance company from liability for claims where the insured was in charge of the property. This case was cited with approval in *Clark Motor Co.* v. *United Pacific Ins. Co.,* 172 Ore. 145, and the case of *Guidici* v. *Pacific Automobile Ins. Co.,* 79 Cal. App. 2d 128, finally cites both the preceding cases in support of the decision and differentiates our case of *Cohen & Powell, Inc.* v. *Great American Indemnity Co.,* supra, on the same grounds as I do. In the latter case, the owner of the vehicle was either a licensee or lessee, whereas here we have a bailment. There the garage man had released to the owner a space and given him a key to the building. As I read the decision, nothing said by the court departs from the decisions above cited, nor does it define the words "in charge of" contrary to these decisions. The court had before it a different factual situation, which is emphasized by the court in its significant reference to the finding in the *Cohen & Powell* case, supra, 260, that "he [the insured] never did exercise nor was he authorized to exercise any dominion or control over it."

Consequently, it is decreed and declared as a declaratory judgment of the rights of the parties that (1) the defendant is not liable upon said policy up to the sum of $5000 for any sums that the plaintiff shall become obligated to pay as damages as a result of the destruction of the cars herein in said fire; (2) the defendant is not liable upon said policy for any additional sums

that the plaintiff has contracted to pay and otherwise has been and/or will be required to pay for counsel fees and expenses to defend the various suits and claims arising in connection with the destruction of the cars herein in said fire.

No costs shall be taxed.