MORTON F. LYON *v.* THE AETNA CASUALTY AND SURETY COMPANY

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, JS.

Argued June 2—decided August 11, 1953

*David R. Lessler,* for the appellant (plaintiff).

*Henry J. Lyons,* for the appellee (defendant).

CORNELL, J. This is an action for a declaratory judgment determining whether the defendant insurer is liable under a policy of liability insurance for any sums, up to the amount of the policy, that the plaintiff may become obligated to pay as a result of damage to automobiles caused by a fire in his garage. The automobiles had been brought there by various individuals to be repaired. The policy excluded liability for damage to property "in charge of" the insured. The court rendered judgment in favor of the defendant and the plaintiff has appealed. The single question presented is whether, at the time of their damage by fire, the automobiles were "in charge of" the plaintiff within the meaning of this exclusionary provision.

The finding is attacked in a number of particulars, but no corrections material to the question to be determined can be made. It discloses the following undisputed facts: The plaintiff conducted an automobile body and fender repair business in a building which he owned in Bridgeport. At the time of the fire, January 28, 1948, there were in this building ten or eleven cars which had been left by their respective owners to be repaired. The cars had been brought to a yard adjacent to the garage where they were taken from their owners and were driven into the garage by the plaintiff or his employees. The repairs were to be done in such manner and at such times as the plaintiff saw fit. The keys were left in the ignition locks, and the plaintiff or his employees could move them about in the garage. It was the practice, when repairs had been completed, to take the cars out of the garage and park them in the yard or on the street. If there was reason to take

the cars to other garages, the plaintiff or his employees did so, driving them back and forth on the public highways, and, if they had reason to test the cars on the highways, they would do so. The plaintiff had a key to the garage and locked it at night and over week ends. None of the car owners had keys to the garage. When the cars were damaged in the fire, they had been there for a week or ten days.

On the date of the fire the plaintiff was covered by a garage liability insurance policy issued to him, "d/b/a Lyon Body Service," by the defendant insurer. Coverage A was bodily injury liability. Coverage B was property damage liability, under which the insurer agreed to pay all sums which the insured should become obligated to pay because of injury to property caused by accident and arising out of the operations of the insured. These operations were defined as the ownership or use of the premises designated, including the public ways adjoining, for the purpose of an automobile dealer or repair shop, and the ownership or use of any automobile in connection with these operations or for pleasure. Under the heading "Exclusions," there was this clause: "This policy does not apply . . . (i) *under coverage B,* to property owned by, rented to, in charge of or transported by the Insured." The trial court concluded on the facts that there was no liability under the policy.

An insurance policy is to be interpreted by the same general rules as any other written contract and enforced in accord with the real intent of the parties as so determined. *Miller Bros. Construction Co.* v. *Maryland Casualty Co.*, 113 Conn. 504, 513, 155 A. 709. The language must be given its ordinary meaning unless a technical or special meaning is clearly intended; *Trumbull Electric Mfg. Co.* v. *John Cooke*

*Co.,* 130 Conn. 12, 16, 31 A.2d 393; and where the terms of a policy are clear their meaning is not to be forced. *Komroff* v. *Maryland Casualty Co.,* 105 Conn. 402, 406, 135 A. 388. In common parlance, a garage repairman to whom an automobile is entrusted for purposes of repair would unhesitatingly be said to be "in charge of" it. *Guidici* v. *Pacific Automobile Ins. Co.,* 79 Cal. App. 2d 128, 131, 179 P.2d 337. Under the noun "charge" in Webster's New International Dictionary (2d Ed.), the phrase "in charge" is defined as follows: "Having the charge or care of something, esp. temporarily; as, the officer or minister *in charge.*" Among the synonyms of the word charge are "custody," "keeping" and "management."

The plaintiff claims that the failure of the insurer to use the words "custody" or "possession" in the exclusionary clause evinces an intent not to include the present situation in it. As appears from the above definition, the term "custody" is synonymous with "in charge of," and it is hard to imagine a situation where one in charge of an object and having the custody of it would not also be in possession. As stated by the trial court, the relationship established by the facts was a bailment. *Malone* v. *Santora,* 135 Conn. 286, 290, 64 A.2d 51; *Russell's Express, Inc.* v. *Bray's Garage, Inc.,* 94 Conn 520, 525, 109 A. 722. The plaintiff had the possession and custody of the cars. They were in his charge within the meaning of the exclusion.

Identical language in liability policies in other jurisdictions has been construed in the same manner upon similar facts. In *State Automobile Mutual Ins. Co.* v. *Connable-Joest, Inc.,* 174 Tenn. 377, 125 S.W.2d 490, a customer's automobile fell off a grease rack in the insured's garage. Under a public garage liabil-

ity policy exempting the insurer from liability for damage to property "owned, rented, leased, in charge of, or transported by the assured," the insurer was found not liable, the court holding (p. 382) that the automobile was "in charge of" the insured at the time of the casualty. "The intent of the parties . . . was to exclude the insurance company from liability for claims for damage to property under the control and management of the insured, whether by virtue of ownership, lease, rental, or having charge of the property under any other authority, or in any other capacity." Ibid. In *Clark Motor Co.* v. *United Pacific Ins. Co.*, 172 Ore. 145, 154, 139 P.2d 570, the phrase "in charge of" was construed to apply to an automobile which was damaged while being towed by the insured to its garage for repairs. In *Guidici* v. *Pacific Automobile Ins. Co.*, 79 Cal. App. 2d 128; 179 P.2d 337, after a review of the authorities, including the Connecticut case hereinafter discussed, a like conclusion was reached as to a customer's automobile which was damaged by fire after being left at the insured's garage for repairs.

The case of *Cohen & Powell, Inc.* v. *Great American Indemnity Co.*, 127 Conn. 257, 16 A.2d 354, is readily distinguishable on its facts from the present case. The insured was engaged in the motor transport business, which he operated from a large garage leased by him. He sublet a definitely allocated space in this garage to the plaintiff for the storage of a truck, which was kept there nightly and locked up. The plaintiff had keys to the garage and free access at all times. The truck was damaged while it was so stored. "The insured had no right or duty to repair, service, use, drive or exercise any dominion or control over the plaintiff's truck." Id., 259. We held that the truck was not "in charge of" the insured within

the exclusion in his liability insurance policy, and stated that "a person or thing is not 'in charge of' an insured within the meaning of the policy unless he has the right to exercise dominion or control over it." Ibid. There the insured was a lessor for a consideration. In the present case he was a bailee, with possession and control of the automobiles. He had the power to "repair, service, use, drive" and "exercise . . . dominion or control" over them. Our holding is entirely consistent with the *Cohen & Powell, Inc.,* case.

It is true that where the terms of a policy are of doubtful meaning, the construction most favorable to the insured will be adopted. *Porto v. Metropolitan Life Ins. Co.,* 120 Conn. 196, 200, 180 A. 289. There is no room for this rule of construction, however, where the terms of the policy are plain and unambiguous. *Basta v. United States Fidelity & Guaranty Co.,* 107 Conn. 446, 449, 140 A. 816. The words "in charge of" as applied to the facts of this case are clear and certain. The favorable construction rule is not applicable.

The plaintiff calls attention to the statute requiring him, as a repairer, to obtain a license and to furnish financial responsibility satisfactory to the commissioner of motor vehicles as defined in General Statutes, § 2457. § 2398. He argues that to interpret the policy as excluding property of others temporarily in the repairer's custody would violate the purpose and intent of the statute, which was to protect the property of the public, and would violate the purpose and intent of the insurance company in issuing the policy. If we assume, without deciding, that the statute requires a policy which protects property in charge of the garage proprietor against all damages for which he is liable, the plaintiff's argument still overlooks

the fact that under § 2457 (b) financial responsibility may be evidenced in three ways, by a certificate from an insurance agent showing that a proper policy has been issued, or by a bond, or by a deposit of money or collateral. There is nothing in the finding or in the claims of the plaintiff to show that the first method was adopted by him and that the commissioner accepted a certificate of insurance in satisfaction of the financial responsibility requirement rather than a bond or collateral. The argument of the plaintiff based upon the statute therefore has no basis in fact. That aside, even if the insured and the commissioner erroneously interpreted the policy as complying with the statute, that fact could not bind the insurer. The effect of a contract is determined by the intent expressed in it, not by an extraneous intent the court may believe was in the minds of the parties. *Hansel v. Hartford-Connecticut Trust Co.,* 133 Conn. 181, 194, 49 A.2d 666.

The plaintiff assigns error in the exclusion of a question asked of him: "[W]hen you took out the policy, what was your intent as far as getting coverage?" The ruling was correct. *Didriksen v. Havens,* 136 Conn. 41, 48, 68 A.2d 163.

There is no error.

In this opinion the other judges concurred.