ANTHONY AGLIONE *d.b.a.* AGLIONE SERVICE STATION *vs.* AMERICAN AUTOMOBILE INSURANCE COMPANY.

JUNE 25, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This action in assumpsit was brought by the plaintiff to recover for a loss sustained by him under an automobile garage liability insurance policy issued to him by the defendant. The case was heard on an agreed statement of facts by a justice of the superior court sitting without a jury. The trial justice rendered a decision for the plaintiff in the amount of $656 which includes interest. The case is before us on the defendant's exception to that decision.

Summarizing the agreed statement of facts, it appears that plaintiff was the owner and operator of a service station located on Federal street in the city of Providence. On April 9, 1952, about 3 p.m., a panel truck owned by the Commercial Laundry was driven into plaintiff's service station by an employee of the laundry for the purpose of having the truck greased. The truck was placed on a lift and

raised into the air while the driver thereof remained nearby. Among other things plaintiff sprayed the rear springs of the truck for the purpose of eliminating a squeak. He thereafter went to the rear of the truck and, taking hold of the rear bumper, shook the truck up and down to determine whether the squeak had been eliminated. As he did so "the truck started slipping from the lift and fell off the lift on its side * * *."

It is specifically set out in the agreed statement of facts: "Vincent Boragine, the driver, agent and servant of Commercial Laundry, from the moment he drove the truck to the service station, remained adjacent to the truck during the time when the truck was hoisted, while on the lift, and including the time when it fell from the lift."

It was agreed that the damage to the truck amounted to $543.71. The decision of the trial justice was for $656 including interest. The plaintiff made a demand upon defendant for payment of the damage done to the truck, making his claim under the policy issued to him by defendant. The defendant refused to pay the claim on the ground that the damage sustained did not come within the insuring agreements set out in the policy. The plaintiff thereupon paid the amount to the Commercial Laundry and brought this action to recover it from defendant on the ground that it had breached its insuring agreement.

The insurance policy upon which plaintiff bases his claim was admitted in evidence, and the coverage provisions which are pertinent to the issue here are as follows:

"Coverage B—Property Damage Liability.

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined."

The hazard here is Division 2—Premises—Operations—Automobiles Not Owned or Hired, which reads:

"The ownership, maintenance or use of the premises for the purpose of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the use in connection with the above defined operations of any automobile not owned or hired by the named insured, a partner therein or a member of the household of any such person."

The policy provides for exclusions as follows:

"(f) under coverage B, to injury to or destruction of (1) property owned by or rented to the insured, or (2) except under division 3 of the Definitions of Hazards, property in charge of or transported by the insured, or (3) any goods or products manufactured, sold, handled or distributed or [on] premises alienated by the named insured, or work completed by or for the named insured, out of which the accident arises."

The defendant concedes that the trial justice correctly framed the controlling issues in the case when he said: "The question involved is therefore whether at the time of the accident the automobile was 'in charge of * * * the insured' " so that the accident was excluded from the coverage of the policy by reason of the exclusion clause. Therefore, it is incumbent upon us to first decide the meaning to be given the phrase "in charge of" as it appears in the exclusion clause above quoted. We do not perceive that there is any ambiguity in the use of the words "in charge of" which would require us to construe them most strongly against the insurer. It is our opinion that the words as they are used here are to be given their natural meaning, which is that property is "in charge of" an insured within the meaning of the exclusion clause when such property is in the possession and control of the insured.

It has been generally held that when the owner of a motor vehicle leaves it with a repairman for the purpose of having it serviced or repaired, the repairman is "in charge of" the vehicle within the meaning of those words as they are used in these contracts of insurance. *Haenal* v. *United*

*States Fidelity and Guaranty Co.,* Fla., 88 So.2d 888; *State Automobile Mutual Ins. Co.* v. *Connable-Joest, Inc.,* 174 Tenn. 377.

In *Lyon* v. *Aetna Casualty & Surety Co.,* 140 Conn. 304, the court, in deciding that vehicles left with a serviceman were in his charge within the meaning of the exclusion clause, stated at page 308: "The plaintiff had the possession and custody of the cars. They were in his charge within the meaning of the exclusion." In *Sky* v. *Keystone Mutual Casualty Co.,* 150 Pa. Super. 613, 618, the court said that when reference is made to property of others in charge of an insured it does not mean property which is merely in possession of the insured. It means property which is in its possession and over which the insured has a right to exercise dominion or control. In *Cohen & Powell, Inc.* v. *Great American Indemnity Co.,* 127 Conn. 257, 259, the court said: "* * * a person or thing is not 'in charge of' an insured within the meaning of the policy unless he has the right to exercise dominion or control over it."

In the light of the reasoning stated by the courts in the cases above cited, it is our opinion that an insured is "in charge of" property within the meaning of the exclusion clause contained in the policy under consideration when the insured has the property in his possession and has a right to exercise control over it. Generally it would be a fact question as to whether the owner of property had delivered it into the possession and control of an insured. In such cases the fact that the owner of the property did not depart from the premises of the insured after delivery thereof would be evidence bearing on the question of whether the owner had relinquished possession and control of the property.

However, the instant case was submitted to the trial justice on an agreed statement of facts. Considering the case on that agreed statement, he concluded that "as a finding of fact * * * the truck was not 'in charge of' the assured at

the time of the accident and damage * * *." We think it was error for the trial justice to make a finding of fact in the circumstances, it being his duty therein to decide as a matter of law whether on the agreed statement of facts submitted by the parties the property was "in charge of" the insured.

The fact situation revealed by the agreed statement is that the motor vehicle involved in the instant case was in plaintiff's service station; that it had been raised on a hoist or lift for the purpose of servicing it; and that plaintiff at the time of the accident was engaged in servicing the truck. It is our opinion that these are the essential facts necessary to establish that the truck was in the possession and under the control of the plaintiff.

It is true that in the agreed statement of facts it is also revealed that an employee of the owner of the truck had driven it to the service station and that he had remained present at the station during the time the truck was being serviced by plaintiff. In our opinion these facts are not sufficient to negative plaintiff's possession and control at the time of the accident upon which he bases his claim for reimbursement under the policy. It is therefore our opinion that the plaintiff was "in charge of" the truck at the time of the accident and that the exclusion clause in the policy under consideration is applicable to the plaintiff's claim.

The defendant's exception to the decision is sustained, and on July 7, 1958 the plaintiff may appear before this court to show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

ON SHOW CAUSE ORDER.

APRIL 9, 1959.

PRESENT: Condon, C. J., Roberts and Paolino, JJ.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the plaintiff was given an op-

portunity to show cause why the case should not be remitted to the superior court with direction to enter judgment for the defendant. The attorney for the plaintiff appeared in court and declared that he had no cause to show.

Therefore the rule to show cause is dissolved, and the case is remitted to the superior court for entry of judgment for the defendant in accordance with our original opinion.

*Weintraub & McElhiney, Samuel W. Weintraub, Edward P. Manning,* for plaintiff.

*Eugene J. Sullivan, Jr.,* for defendant.