## Christ v. Maryland Casualty Co.

*Walker & Walker*, for plaintiff.

*Harold W. Helfrich* and *D. G. Welty*, for defendant.

HENNINGER, P. J., July 21, 1959.—Plaintiff operates a hangar and airfield at Trexlertown in Lehigh County. Stanley Heckman is the owner of a 1946 Ercoupe airplane which on April 10, 1957, was in plaintiff's hangar on an oral arrangement for a consideration whereby Heckman could store his plane in the hangar or field and could use the field for taking off and landing. Plaintiff reserved the right to move Heckman's plane from one place to another on the field or hangar "as circumstances of hangar or airport operation might require."

On April 10, 1957, plaintiff, while working on his own Piper Tri-Pacer aircraft, inadvertently started the engine, causing said aircraft to taxi forward into Heckman's plane causing it considerable damage. Heckman sued plaintiff and recovered judgment in the sum of $1000.

Plaintiff in this suit is seeking reimbursement from defendant, one of the coinsurers, under a policy issued by United States Aviation Underwriters, Incorporated, as agent protecting plaintiff against claims for property damage caused by said aircraft. The policy

by its terms does not apply "to injury to or destruction of property owned by, rented to, in charge of or transported by the insured."

Defendant under new matter recited the facts stated in the first paragraph of this opinion and plaintiff in his reply admitted their truth.

Defendant thereupon moved for judgment on the pleadings, contending that the right to move Heckman's plane put plaintiff "in charge of" it, removing damage to that plane from the protection of the policy.

Several points must be made clear. Defendant does not contend that the mere relation of landlord and tenant is sufficient to place plaintiff in charge of the stored goods, but that it is the privilege of moving the goods for convenience that does so. Furthermore, the accident did not occur while plaintiff was exercising the privilege of moving the plane, but while the plane was in a fixed position.

Defendant relies upon the cases of Moffett v. Pennsylvania Manufacturers' Association Casualty Insurance Company, 137 Pa. Superior Ct. 569, and Sky v. Keystone Mutual Casualty Company, 150 Pa. Superior Ct. 613, to sustain its position. These cases are not helpful. The first one merely decides that an automobile belonging to a garage and being driven by a customer to deliver a rear axle to the customer's home was not "being operated by or in charge of the assured or employees of the assured whose earnings are or will be included in the basis of premium computation . . . ."

In the Sky case, one Kough, insured as an automobile operator with a clause excluding damage to property "in his charge," used plaintiff's automobile without plaintiff's consent and damaged it in an accident. In the action against Kough's insurer the defense was made that the car was "in charge of" Kough, but the Superior Court held that as a tres-

passer without right, the car could not be in his charge.

Another interesting case is Speier v. Ayling, 158 Pa. Superior Ct. 404, in which it was held that an automobile in which insured was an occupant was in charge of the driver, to whom it had been lent, and that the owner of the car was barred from recovery from the driver's insurer, since the policy excluded property in charge of the insured.

It would seem then that "in charge of" refers both to the *right* to control (see the Sky case, supra) and to actual control. See the Speier case, supra.

There are several cases from other jurisdictions where a garageman was held to be in charge of automobiles left with him for repair: Guidici v. Pacific Automobile Ins. Co., 79 Cal. App. 2d 128, 179 P. 2d 337; Aglione v. American Automobile Insurance Company, 143 A. 2d 148 (R. I., 1958) ; Lyon v. Aetna Casualty & Surety Co., 140 Conn. 304, 99 A. 2d 141.

On the other hand, mere storage with insured is not enough to prevent recovery on insured's policy: Cohen & Powell, Inc., v. Great American Indemnity Co., 127 Conn. 257, 16 A. 2d 354. In that case, however, plaintiff's car was locked after having been parked in an allotted space in insured's garage.

A more closely analogous case is Homin v. Cleveland & Whitehill Co., 281 N. Y. 484, 24 N. E. 2d 136, in which it was held that a landlord was not in charge of a building merely because he had reserved the right to enter for inspection.

In McLouth Steel Corp. v. Mesta Machine Co., 116 F. Supp. 689, it was held that the owner of machinery damaged while being hoisted into position could recover against the insurer of one responsible for the damage, despite an "in charge of" exclusion in insured's insurance policy.

In our case plaintiff had no responsibility for Heckman's plane except the negative one of not damaging it. He was not handling it at the time of the accident. We are of the opinion that his theoretical right to move Heckman's plane "when circumstances require" was not such custody as to put him in charge of the plane when he was not in fact moving it. There is no evidence, for instance, that plaintiff had put Heckman's plane into the position it occupied when the accident occurred.

This case differs from the cases where a repairman has an automobile for repair, for there he has complete positive control over the other's property and he may and must move it at his convenience. It also differs from a case like Warner v. Employers' Liability Assurance Corporation, 390 Pa. 62, in which the goods were exclusively handled by the warehouseman from entry into the warehouse until delivery therefrom and in which the owner's only right was to enter for purposes of inspection. The respective rights of owner and landlord were the reverse of those existing in our case. In our case, plaintiff's right to control was an exception to the owner's control and custody and therefore would operate only during the period when plaintiff actually is exercising the privilege.

It seems obvious that the exclusion was placed in liability policies to differentiate between liability to third persons and what is known as collision insurance. Where, as here, an outside force damages a third person's property, the exclusion should not apply, for when this accident occurred plaintiff was not in charge of Heckman's damaged plane.

Now, July 21, 1959, defendant's motion for judgment on the pleadings is denied and the case may go to trial upon praecipe of either party.