[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, H L Chevrolet, Inc., is the operator of an CT Page 8312 automobile dealership and service facility located in Darien, Connecticut and is engaged in the business of selling and servicing automobiles. On May 10, 1990, the plaintiff, James Young, delivered his 1987 Chevrolet IROC Camaro automobile to the defendant for servicing. On or about May 11, 1990, the plaintiff's automobile was stolen from the defendant's place of business. The above mentioned vehicle was recovered several days later in an extremely damaged condition.
Defendant filed an answer without special defenses on March 19, 1991. On April 29, 1991, plaintiff filed a motion for summary judgment along with a supporting memorandum of law and an affidavit. The defendant has filed an opposing memorandum of law along with an affidavit.
Practice Book Section 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. The test is whether a party would be entitled to a directed verdict on the same facts." Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990). "[A] summary disposition . . . should be on evidence which the jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982) (Citations omitted). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell, supra, 246-47.
In the instant case, the relationship between the parties is that of bailor and bailee. Lyon v. Aetna Casualty Surety Co.,140 Conn. 304, 308, 99 A.2d 141 (1953).
 The failure of a bailee to return goods delivered to him raises a presumption that their nonproduction is due to his negligence. This presumption prevails unless and until the bailee proves the actual circumstances involved in the damaging of the property. If those circumstances are proved, then the burden is upon the bailor to satisfy the court that the bailee's conduct in the matter constituted negligence. The circumstances which the bailee must prove must be something more than those indicating the immediate cause of the damage. The proof must go so far as to CT Page 8313 establish what, if any, human conduct materially contributed to that immediate cause. The isolated fact of destruction by fire or of loss by theft rebuts nothing. The bailee must prove something more if he is to overcome the presumption. He must prove the actual circumstances connected with the origin of the fire or the theft, and these include the precautions taken to prevent the loss.
 Whether the bailee has proved the actual circumstances of the loss and rebutted the presumption of negligence in that the bailee has taken reasonable precautions under the circumstances is a question of fact for the trier.
Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 409-10,446, A.2d 799 (1982) (citations omitted) (emphasis added).
In the case at hand, the defendant attached to its memorandum of law in opposition the affidavit of Anthony Napoli ("Napoli") as well as a copy of a criminal court transcript dated October 29, 1990 in an attempt to rebut the presumption of negligence on the part of the defendant. Napoli's affidavit review the precautionary measures taken by defendant to protect defendant's property. The transcript contains statements which tend to explain the theft of plaintiff's automobile. Also, there is a testimony regarding the damage to plaintiff's vehicle which implicates a person by the name of "Jimmy Young". The above mentioned testimony does not clarify whether "Jimmy Young" refers to the plaintiff in the instant matter. Nevertheless, the issue as to whether the defendant has presented sufficient evidence to rebut the presumption of negligence is a question for the trier of fact. Therefore, it is the opinion of the court that the plaintiff's motion for summary judgment be denied. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984).
Based on the foregoing, the plaintiff's motion for summary judgment is denied.
JOHN J. P. RYAN, JUDGE