ROOT MOTOR COMPANY v. MASSACHUSETTS BONDING & INSURANCE COMPANY.[1]

December 30, 1932.

No. 29,146.

*P. A. Wells,* for appellant.
*Lewis R. Gillette,* for respondent.

HOLT, J.

Plaintiff appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff, a corporation, was operating a public garage in St. Paul, Minnesota, and defendant issued its policy insuring plaintiff against

[1]Reported in 246 N. W. 118.

loss on account of injury to persons in the operation of its business and also against "loss by reason of the liability imposed by law upon the Assured for damage on account of injury to, or destruction. of property of any kind (not, however, the property of the Assured, or property in the custody of the Assured and for which the Assured is legally responsible, either on or away from the premises of the Assured, and not property carried in or upon any automobile of the Assured or upon any automobile in the custody of the Assured, either on or away from the premises of the Assured) * * * but in no event shall the total indemnity for both loss of use and damage to property in any one accident exceed the sum of One Thousand Dollars."

On November 11, 1928, while the policy was in effect, a servant of plaintiff, in taking a La Salle car owned by one Mr. Stone, a customer of plaintiff, from the home of said Stone to the plaintiff's garage, where the car was kept when not in use by the owner, collided with a car driven by one Wellman. The damage to Stone's car was settled by his insurer, the United States Mutual Fire Insurance Company of Boston, paying the sum of $1,765. Said insurance company, claiming subrogation to the rights of Stone by such settlement, brought an action against plaintiff to recover such amount on the ground that the negligence of its servant in driving Stone's car caused the collision and damage. Plaintiff had notified defendant of the collision, and when it was sued, as stated, it turned over the summons and complaint to defendant. Its attorney answered for plaintiff in said action; but before trial plaintiff engaged its own attorney to try the case. A verdict of $370 was therein obtained against this plaintiff, which it was compelled to pay. It also had to pay its attorney and costs in the sum of $433.15. For these two sums this action was brought. At the conclusion of the evidence the court directed a verdict for defendant.

The only legal question presented by the appeal is whether upon this record defendant is entitled to a directed verdict. Plainly the insurance policy upon which this action is based did not cover damage or loss to Mr. Stone's car while in the care or custody of

plaintiff. The policy in such clear terms excludes from coverage loss to plaintiff on account of damage to a customer's car while in plaintiff's possession that there can be no claim of any ambiguity to be construed in favor of the insured. Where an insurance policy clearly excludes a car from coverage, liability cannot be created by waiver if legal terms are used with nice discrimination. We have, however, held that an insurer may by taking over the defense when the insured is sued by a third party, and by acts in connection with such defense, estop itself from asserting that the policy does not cover the loss. The law, with an analysis of our prior cases, is so fully discussed in Oehme v. Johnson, 181 Minn. 138, 231 N. W. 817, that there is no occasion to add thereto because of the facts presented by this record.

Plaintiff's manager testified that defendant's then attorney, to whom the summons and complaint in the action brought by the United States Mutual Fire Insurance Company were delivered, stated that the defense would be looked after and that this plaintiff, as defendant in said action, relied thereon. Although this is flatly denied by the attorney, who testified that he told plaintiff's manager that the policy did not cover damage to Mr. Stone's car, still he, the attorney, at the request of the agent of defendant would defend the action without compensation, we conclude that, were the evidence alluded to all there was, the question of estoppel would be for the jury. But that is not all. The attorney who answered for the Root Motor Company did not try the case. The company employed its own attorney to do so. There was no agreement that this defendant should pay plaintiff's attorney for the trial. There is no evidence that this defendant, or its attorney who put in the answer, took any part in the preparation of the case for trial or in the trial. And what is more, and in our opinion conclusive, the attorney of this defendant who first investigated the accident, who on February 28, 1929, answered for the Root Motor Company, on the same day wrote the company this letter:

"I have just noted upon examining the file that I omitted to write you the letter as we outlined in regard to the suit of the

United Mutual Insurance Company against the Root Motor Company. As I informed you while at the office, the damage to the Stone car is not covered under the garage liability policy, but as a matter of service, I will handle the suit without any charge to your company."

It is true, plaintiff's manager says the letter was not seen by him, and at that time he opened the mail; but it is undisputed that the letter was in the files of plaintiff and that it had other officers, none of whom testified. The manager, Mr. Paulson, on cross-examination was asked:

Q. "Is it not a fact, Mr. Paulson, that there was some conversation with you and Mr. Schoepp [the attorney] at the time he came over there, in which he informed you that you had no collision insurance under your policy?

A. "I don't recall that.  *  *  *

Q. "Do you recall that that is not the fact, Mr. Paulson?

A. "No, I don't.

Q. "It might be the fact?

A. "Well, it might be; I don't know."

In this record we find nothing upon which a jury could find that defendant by conduct has estopped itself from asserting that its policy in terms excluded Stone's car from coverage. On facts less persuasive in favor of the plaintiff we held a directed verdict in favor of the defendant proper in Mann v. Employers L. A. Corp. 123 Minn. 305, 143 N. W. 794.

The order is affirmed.