**INNIS, Plaintiff-Appellee, v. McDONALD et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5500. Decided October 17, 1956.

Knepper, White, Richards, Miller & Roberts, Andrew J. White, Jr., Dale F. Miller, of Counsel, Columbus, for plaintiff-appellee.

Wright, Harlor, Purpus, Morris & Arnold, Earl F. Morris, Harry Wright III, of Counsel, Columbus, for defendants-appellants.

## OPINION

By THE COURT.

This is an appeal from a money judgment in favor of the plaintiff and against the defendant, The Buckeye Union Casualty Company. Defendant, McDonald, was a painting contractor who had a contract with plaintiff to paint his property and to do other work incident thereto. In the performance of this contract, McDonald's employees damaged plaintiff's property for which plaintiff sued McDonald and recovered a money judgment in the sum of $1125.00 and costs. The judgment being unsatisfied, plaintiff made The Buckeye Union Casualty Company a party defendant and brought an action by supplemental petition against it on a policy of liability insurance issued by the company in favor of the defendant, McDonald. The jury having been waived, cause was presented to the trial judge.

The sole question presented relates to the construction of a clause in the policy known as "Exclusion G" which provides:

"This policy does not apply . . .

"(G) Under coverage B, to injury to or destruction of property owned, rented, occupied or used by the insured, and with respect to Divisions 1, * * * of **property in the care, custody or control of the insured.**" (Emphasis ours.)

The narrow question relates to the emphasized part of the exclusion clause.

After the case was concluded in the trial court and briefed extensively with citations substantially the same as carried in the briefs of the parties in this court, Judge Leach, who heard the case, held that the exclusion clause did not apply to relieve the company from liability on its policy.

We have examined the cases cited by the parties and the language of the policy, together with the very complete opinion of Judge Leach. We are in accord with his conclusion and are of opinion that the reasons supporting it are sound. No good purpose would be served by restating at length the issues respecting contentions of the parties and discussing the cases cited.

We are satisfied to affirm the judgment on the opinion of Judge Leach.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.