317 P.2d 954

AMERICAN CASUALTY COMPANY of READING, PENNSYLVANIA, a corporation, Plaintiff and Respondent,

v.

Marden D. PEARSON, Edward A. Crofts, and Dwain J. Pearson, dba Pearson and Crofts, and Robert Corporon, Defendants and Appellants.

No. 8664.

Supreme Court of Utah.

Nov. 19, 1957.

Olsen & Chamberlain, Richfield, L. E. Midgley, Salt Lake City, for appellant.

Robert W. Brandt, Hanson, Baldwin & Allen, Salt Lake City, for respondent.

38

HENRIOD, Justice.

Appeal from a declaratory judgment of nonliability under a policy covering property damage and public liability, with an exclusion clause where the damaged property is "in the care, custody or control of the insured." Affirmed, with costs to plaintiff.

Defendants Pearson and Crofts, were car dealers and also operated a garage for repairs. Defendant, Corporon, bought a car from these people, paid for it and arranged to return it for the purpose of attaching a trailer hitch. The consideration paid specifically included such service. Corporon returned, drove the car into the garage and removed it to another part thereof at the instance of one of the garage employees. The employee, in welding the hitch, put the torch to the gas tank, damaging the car. Corporon, who was anxious to leave on an out-of-state trip, stayed at the garage, watched the work in progress, told the employee more or less in detail how he wanted the hitch fastened, and even handed the employee tools on occasion. However, the employee performed the work on the hitch. There is no question but that the employee was on the Pearson and Crofts payroll, and there is no question but that Pearson and Crofts had been paid for the work and were duty bound to attach the hitch.

Under the facts mentioned the trial court concluded that the car was under the care, custody and control of Pearson and Crofts sufficiently to satisfy the exclusion clause and make for nonliability on the part of their insurer, the plaintiff. We do not believe the trial court's conclusion arbitrary and without reasonable support in the facts. Hence we are not at liberty to reverse such determination.

The contention of defendants that Corporon supervised, directed and managed the job, having control over the workman's movements, would point to a principal-agent relationship between him and the workman. Under such circumstances Corporon would be responsible for the actions of his agent, and it is difficult to spell out any liability on the part of the insurer that would inure to the benefit of the principal Corporon. We believe that the facts mentioned by counsel pointing to some sort of control over the workman are not too helpful in establishing control over the car,—which control is the real test in determining liability under the policy. We see nothing in this case with respect to the care, custody or control of the car that negatived an ordinary bailment, where, for the purpose, and for a good consideration, an artisan is permitted to perform repairs. There is nothing in this case that indicated that Corporon was doing anything to prevent the work of attaching the hitch, or that he displayed any disposition that such work should not be pursued to completion.

We are not unmindful of the authorities cited by defendants and we agree generally

with the principles there espoused. However, we consider them distinguishable factually, and in passing, suggest that those authorities presented in the A.L.R. annotation [1] complementing one of the cases to which defendants attach significance,[2] which factually most nearly resemble the instant case, prefer to go along with the conclusion reached by the trial court here.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

1. 131 A.L.R. 1105–1107.

2. Cohen & Powell, Inc., v. Great American Indemnity Co., 127 Conn. 257, 16 A.2d 354, 131 A.L.R. 1102.