[No. 34434.  Department One.  May 8, 1958.]

S. BIRCH & SONS CONSTRUCTION COMPANY et al., *Appellants*,
v. UNITED PACIFIC INSURANCE COMPANY, *Respondent*.[1]

*Allen, DeGarmo & Leedy*, for appellants.
*Hullin & Ehrlichman*, for respondent.

MALLERY, J.—In the summer of 1955, the plaintiffs contracted with the Alaska Towing Company for the trans-

[1]Reported in 324 P. (2d) 1073.

portation of certain heavy construction equipment from Ketchikan, Alaska, to Seattle, for a flat charge of twenty-five hundred dollars. The Alaska Towing Company rented a Wrangell Lumber Company's barge to carry the equipment. It beached the barge about three miles south of Ketchikan, where the plaintiffs conducted their own loading operation at low tide. The Alaska Towing Company then towed the barge to Seattle and tied it up in or near the Drummond Lighterage Company's Duwamish river basin. It was then the plaintiffs' responsibility to unload the barge, and for that purpose they rented wharf and gridiron space from the Drummond Lighterage Company.

The plaintiffs' general superintendent in Alaska sent their master mechanic, Arnold Nelson, to Seattle to conduct the unloading operation. In order to stabilize the barge at the wharf at the right level for unloading, it is the practice to fill such a loaded barge with water, thus sinking it on the gridiron to avoid tidal motion.

Nelson was negligent in sinking the barge on the gridiron in that he did not take out enough plugs for admitting the sea water. The result was that, after the unloading was completed, the tide raised and shifted the barge the following night so that it was damaged by its contact with the gridiron and the wharf.

For this damage to the barge, the Wrangell Lumber Company sued the plaintiffs. The plaintiffs thereupon tendered the defense of the action to the United Pacific Insurance Company, which declined to defend. It did, however, authorize the settlement that was made and waived any defense that could be predicated thereon. When it refused to pay the loss, the plaintiffs brought this action to recover under their insurance policy for the amount of the settlement.

The United Pacific Insurance Company defended on the ground that the loss in question was not covered under the terms of the policy, which excludes losses to " . . . property in the care, custody or control of the insured."

From a judgment in favor of the defendant, the plaintiffs appeal.

The appellants contend that Nelson's acts did not constitute having the "care, custody, or control" of the barge for two reasons: (1) Their agent Nelson was only to *unload* the barge, which belonged to the Wrangell Lumber Company, was rented to the Alaska Towing Company, and was located on the premises of the Drummond Lighterage Company, and such temporary specialized activity is not that kind of *control* of property as is contemplated in the exclusion clause of the policy.

(2) Appellants further contend that they were not in *control* of the barge, because their agent Nelson was only to unload the barge, and exceeded his authority in negligently sinking it onto the gridiron.

(1) We think the trial court was correct in finding that the exclusion clause applied. Neither the Alaska Towing Company, nor the Wrangell Lumber Company, nor the Drummond Lighterage Company was responsible for unloading the barge. The appellants were. The operation required someone to be in control, even though the duration of the control was short. The contracts between the several parties relating to the transportation determined their responsibility regarding each phase thereof. The appellants were in control of the barge in connection with the unloading operation. To hold that they were not, would leave a void in which no one would be responsible.

(2) Nelson was the appellants' agent. His authority was to unload the barge, which, of course, encompassed all things incident thereto. The negligent sinking of the barge on the gridiron, which caused the damage in question, was incident to the unloading operation. Appellants have not suggested that any one other than Nelson had a contractual duty to sink the barge and would thus be in control of it.

We hold that the appellants had control of the barge when it was damaged, and, therefore, the exclusion clause applies.

The judgment is affirmed.

HILL, C. J., FINLEY, OTT, and HUNTER, JJ., concur.