Hillsborough,
No. 4760.

SANCO COMPANY, INC.

*v.*

EMPLOYERS MUTUAL LIABILITY INSURANCE CO.

Argued September 1, 1959.

Decided September 25, 1959.

254

*Green, Green, Romprey & Sullivan* (*Mr. Meyer Green* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* (*Mr. Nassikas* orally), for the defendant.

WHEELER, J. The pertinent coverage provisions of the plaintiff's policy of insurance are as follows:

"Coverage B — Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."

Expressly excluded from coverage B was certain damage described under "Exclusions" as follows:

"This policy does not apply: . . . (h) under coverage B, to injury to or destruction of (1) property owned or occupied by or rented to the insured, or (2) except with respect to liability under side-track agreements covered by this policy, property used by the insured, or (3) except with respect to liability under such side-track agreements or the use of elevators or escalators at premises owned by, rented to or controlled by the named insured, property in the

care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control . . . . "

The determination of the problem of whether the property damaged comes within exclusions h (2) and h (3) of the policy of insurance depends upon the sufficiency of the evidence to support a finding that at the time the property was damaged it was in the possessory and not proprietary control of the plaintiff.

At the time of the accident, the employees of the plaintiff "took care of all of the operations in running the elevator, including the manipulation of the ropes that controlled the elevator, there being no independent power supply . . . . " The damage occurred in the process of lifting some planks in the elevator from the first to the third or fourth floor where repairs were being made when " . . . the planks jammed in some way on a door involved in the operation of the elevators so that it caused damage to the elevator and its appurtenances."

On other occasions when plaintiff had done work for the Manchester Hosiery Mills when the mill was in operation, it was customary for an employee of Manchester to operate the elevator. Otherwise, as in the instant case, an employee of Sanco would do so.

It cannot be seriously argued that the elevator was merely an incidental part of the premises where the work was being done or that it was not "property used by the insured" within the meaning of the policy. From all that appears, it was necessary to performance of the work involved. It is not seriously disputed that plaintiff's servants were in complete physical control of the elevator at the time of the accident, and the fact that plaintiff's control did not extend to the entire factory building does not defeat application of the exclusion clause. See *Hardware Mut. Cas. Co.* v. *Mason-Moore-Tracy, Inc.*, 194 F. 2d 173 (2d Cir. 1952).

A majority of cases support the view that a clause in a liability policy excluding from coverage liability for damage to property " . . . in the care, custody or control of the insured . . . " should be construed as extending to possessory control as well as to proprietary control. See anno. 62 A. L. R. (2d) 1242.

We are of the view that there was sufficient evidence to support the ruling of the Court below that the property damage comes within exclusions h (2) and h (3) of the plaintiff's policy of insurance.

In view of the result reached here, it is not necessary to consider

defendant's exception to the Court's finding that the plaintiff would be entitled to recover but for the exclusion clause.

*Exceptions overruled.*

All concurred.