[No. 35672.   Department One.   December 21, 1961.]

PAUL MADDEN, *Appellant*, v. VITAMILK DAIRY, INC., *Defendant*, CONTINENTAL CASUALTY COMPANY, *Respondent.**

*Karr, Tuttle, Campbell, Koch & Granberg*, for appellant.

*Lycette, Diamond & Sylvester* and *Martin L. Wolf*, for respondent.

WEAVER, J.—A pre-trial order limited the issue determined by the trial court to the question:

*Reported in 367 P. (2d) 127.

"Was the tanker truck in question under the care, custody or control of the plaintiff or the defendant at the time of the incident here involved."

Plaintiff, a common carrier, was licensed to deliver milk from farms to dairies. He used a milk tanker truck consisting of a tractor and a semi-trailer.

October 16, 1957, plaintiff's driver parked the tanker truck in the unloading area of defendant dairy. By reason of defendant employee's negligence in pumping the milk from the truck, a vacuum was created in the milk tank on the semi-trailer and it collapsed.

Based on this negligence of one of defendant's employees, judgment for $12,000 was entered by default July 22, 1958, in favor of plaintiff and against defendant dairy.

September 29, 1958, plaintiff caused a writ of garnishment to be served upon the Continental Casualty Company, which had insured defendant dairy under a comprehensive general liability policy. The garnishee defendant denied liability upon the ground that the exclusion clause of the policy provided that

"This policy does not apply:

" . . .

"(d) Under insuring agreement I (c) to injury to or destruction of (1) property owned by, rented to, occupied or used by, or in the *care, custody or control* of the insured. . . ." (Italics ours.)

Plaintiff appeals from a judgment, entered May 6, 1960, that quashes the writ of garnishment, dismisses the garnishment action with prejudice, and allows garnishee defendant $850 attorney's fees.

██ The authorities are not agreed upon an answer to the question: Are the words "care, custody or control" ambiguous or unambiguous?[1]

---

[1]*Unambiguous:*

*International Derrick & Equip. Co. v. Buxbaum,* 240 F. (2d) 536, 62 A. L. R. (2d) 1237 (C. A. 3d; 1957); *Maryland Cas. Co. v. Holmsgaard,* 10 Ill. App. (2d) 1, 133 N. E. (2d) 910 (1956); *Edwards v. Travelers Indem. Co.,* 201 Tenn. 435, 300 S. W. (2d) 615 (1957); *J. G. Speirs & Co. v. Underwriters at Lloyds London,* 84 Cal. App. (2d) 603, 191 P. (2d) 124

The words are not confined exclusively to the field of law; they are words of common usage and connotation in the vocabulary of laymen. We are of the opinion that they are unambiguous and must be given their plain and ordinary meaning.

■ The rule we adopt, as applicable to the instant case, is succinctly stated in *International Derrick & Equip. Co. v. Buxbaum*, 240 F. (2d) 536, 62 A. L. R. (2d) 1237 (C. A. 3d; 1957), as follows:

" . . . Where the property damaged is merely incidental to the property upon which the work is being performed by the insured, the exclusion is not applicable [Authorities cited are set forth in footnote [2].] . . . However, where the property damaged is under the supervision of the insured and is a necessary element of the work involved, the property is in the 'care, custody, or control' of the insured. . . . [Authorities cited are set forth in footnote [3].]"

■ The procedure of unloading the truck was as follows: Plaintiff's driver would park it on the unloading area of the dairy, available to an unloading hose. Defendant's employees were solely responsible for unloading the milk and washing the tank at the end of the day. To unload, an

---

(1948); *Hill v. United States Fidelity & Guar. Co.*, 348 S. W. (2d) 512 (cert. den. Tenn. Supreme Court) (1961).

*Ambiguous*:

*Boswell v. Travelers Indem. Co.*, 38 N. J. Super. 599, 120 A. (2d) 250 (1956); *Innis v. McDonald*, 77 Ohio L. Abs. 417, 150 N. E. (2d) 441, aff'd 77 Ohio L. Abs. 424, 150 N. E. (2d) 447 (1956).

[2]"Cohen v. Keystone Mutual Casualty Co., 1943, 151 Pa. Super. 211, 30 A. 2d 203; Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co. of New York, 1952, 280 App. Div. 665, 116 N. Y. S. 2d 876, appeal denied, 1953, 281 App. Div. 744, 118 N. Y. S. 2d 732, 305 N. Y. 932, 112 N. E. 2d 288; Maryland Casualty Co. v. Hopper, Tex. Civ. App., 1950, 237 S. W. 2d 411; A. T. Morris & Co. v. Lumber Mut. Casualty Ins. Co. of New York, 1937, 163 Misc. 715, 298 N. Y. S. 227."

[3]"Hardware Mut. Cas. Co. v. Mason-Moore-Tracy, Inc., 2 Cir., 1952, 194 F. 2d 173; L. L. Jarrell Construction Co. v. Columbia Casualty Co., D.C.S.D. Ala. 1955, 130 F. Supp. 436; Root Motor Co. v. Massachusetts Bonding & Ins. Co., 1932, 187 Minn. 559, 246 N. W. 118; Maryland Casualty Co. v. Holmsgaard, 1956, 10 Ill. App. 2d 1, 133 N. E. 2d 910; John G. Speirs & Co. v. Underwriters at Lloyd's London, 1948, 84 Cal. App. 2d 603, 191 P. 2d 124."

employee of the dairy would mount a catwalk on the tanker, open the lid, test the milk, and, if he found it acceptable, attach a hose and pump the milk into the dairy.

The pump, its electric switch, and the receiving tank were inside the dairy. Only dairy employees had access to these facilities. The dairyman could not move the truck; plaintiff's driver was the only one authorized to drive it; however, if the truck were not correctly positioned, either for unloading milk or washing the tank at the end of the day, an employee of the dairy could direct plaintiff's driver to move it to a designated position.

Plaintiff urges that, since his driver had the sole right to drive the truck, it was under his control at the time of the incident. We do not agree. The dairyman had the sole authority to *direct* that the truck be moved. Who did the driving is immaterial.

At the time the tank on the semi-trailer collapsed, by reason of the dairy's negligence, the tank was a "necessary element of the work involved"—unloading milk from the tank—and was under the supervision of the dairy, the insured.

Dispositive of the issue presented is the recent decision of this court in *S. Birch & Sons Constr. Co. v. United Pac. Ins. Co.*, 52 Wn. (2d) 350, 324 P. (2d) 1073 (1958). We held that a barge was in the care, custody, and control of the insured's employee while he was engaged in positioning it preparatory to unloading.

We conclude that the truck was under the care, custody, and control of the dairy when it was damaged; therefore, the exclusion clause of the insurance policy applies.[4]

The judgment is affirmed.

FINLEY, C. J., ROSELLINI, OTT, and FOSTER, JJ., concur.

---

[4] Annotation: "Scope of clause excluding from contractor's or similar liability policy damage to property in care, custody, or control of insured." C. T. Drechsler. 62 A. L. R. (2d) 1242 (1958).