**UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, Appellant,**

v.

**Russell D. WELLS, d/b/a Wells
Machine Shop, Appellee.**

Court of Appeals of Kentucky.

June 5, 1964.

J. K. Wells, Paintsville, for appellant.

R. B. Harrington, Paintsville, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment determining that the appellant insurer is liable under a policy insuring appellee against loss from liability for damage to property from the operation of appellee's business. The policy excluded from its coverage "property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control." The single question presented is whether an automobile owned by David Estepp, at the time it caught on fire, was in the care, custody or control of the appellee within the meaning of the exclusionary provision.

The case was submitted upon an agreed statement of facts from which it appears that David Estepp drove his automobile into appellee's garage and employed him to weld a tailpipe assembly to the frame of his car. When appellee's employee, Denver Stapleton, informed Estepp it was not accepted practice to do this, Estepp insisted the work be done in this manner. Estepp held the tailpipe assembly while Stapleton did the welding. The use of the welding equipment in some way set the automobile on fire. Estepp jumped into the car and drove it outside the garage where it continued to burn. Estepp sued appellee for damages to his automobile and the appellant refused to defend the action relying on the exclusionary clause of the insurance policy. Trial resulted in a judgment in favor of Estepp and appellee subsequently filed this action.

In American Casualty Company of Reading, Pa. v. Pearson, 7 Utah 2d 37, 317 P.2d 954, a customer's automobile was damaged by fire while it was located and being repaired in the insured's garage. The policy contained an exclusionary provision identical with the one in the instant case. The Supreme Court of Utah, in affirming a judgment of nonliability under this policy, stated that the real test in determining liability under it was whether the insured had control over the car while it was being repaired. The court specifically said it could "see nothing in this case with respect to the care, custody or control of the car that negatived an ordinary bailment, where, for the purpose, and for a good consideration, an artisan is permitted to perform repairs." This view is supported by the following cases: Guidici v. Pacific Automobile Ins. Co., 79 Cal.App.2d 128, 179 P.2d 337; Vaughan v. Home Indemnity Co., 86 Ga.App. 196, 71 S.W.2d 111; Lyon v. Aetna Casualty & Surety Co., 140 Conn. 304, 99 A.2d 141.

We conclude that at the time the Estepp car caught fire it was in the control of appellee under the usual garage bailment arrangement and thus the exclusion in the policy involved herein is applicable.

The judgment is reversed with directions to enter a new one in accordance with this opinion.