[No. 772-1.    Division Three.    April 3, 1972.]

NEW HAMPSHIRE INSURANCE COMPANY, *Respondent,* v. FRANK ABELLERA *et al., Appellants,* FRED KUPFERER *et al., Respondents.*

*Jon Marvin Jonsson,* for appellants.

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, Robert P. Piper,* and *Martin Crowder,* for respondents.

GREEN, J.—Plaintiff, New Hampshire Insurance Company, brought this action for declaratory judgment, alleging it was not liable for property damage under a homeowner's policy issued to the defendants, Fred Kupferer and wife, by reason of the following exclusionary clause in the policy:

This policy does not apply:

. . .

2. Under Coverage E—Personal Liability

. . .

d. to property damage to property occupied or used

by the Insured or rented to or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control; . . .

The trial court entered judgment for plaintiff and defendants appeal.

The basic issue is whether the quoted exclusion applies to a dragster owned by a friend and stored without compensation in the insured's garage. Resolution of this issue must be made in the context of the following facts.

Frank Abellera, a close friend of the defendants, owned a dragster. He needed a safe place to store it, where it would not be vandalized. Defendants offered to store the dragster, without compensation, in their basement garage. Abellera accepted and parked the dragster in the garage in an area designated by defendants. He placed stands under the motor mounts to hold the weight off the frame and under the four wheels to keep them off the floor. He plugged the exhaust pipe and injectors, drained the water and oil from the motor, and grounded the magneto. Defendants gave Abellera a key to the garage and told him that he was free to go into the garage to work on the dragster at any time, subject only to notifying defendants of his presence. About a month later a fire destroyed defendants' home and the dragster. As a result, Abellera sued defendants, seeking to impose personal liability alleging that the loss was due to their negligence. Defendants tendered the defense to the plaintiff insurance company who denied liability and brought this action for declaratory relief.

Defendants testified they felt the same responsibility for the dragster as they felt for their own property and to that end locked the garage door. Defendants also testified they would not have allowed anyone to remove the dragster from the garage without Abellera's express consent. Abellera confirmed the defendants' view of their responsibility. It is conceded by both parties that the sole purpose of storing the dragster in the garage was to keep it safe.

Defendants contend the trial court erroneously concluded that the dragster was within the care, custody or control of

the defendants and thus within the exclusion provided in the policy. In support of this contention, defendants cite the following cases: *Employers Mut. Liab. Ins. Co. v. Puryear Wood Prods. Co.*, 447 S.W.2d 139 (Ark. 1969); *Maryland Cas. Co. v. Golden Jersey Creamery*, 389 S.W.2d 701 (Tex. Civ. App. 1965); *Elcar Mobile Homes, Inc. v. D. K. Baxter, Inc.*, 66 N.J. Super. 478, 169 A.2d 509 (1961); *Hardware Mut. Cas. Co. v. Crafton*, 350 S.W.2d 506 (Ark. 1961); *Madden v. Vitamilk Dairy, Inc.*, 59 Wn.2d 237, 367 P.2d 127 (1961); *Maryland Cas. Co. v. Jolly*, 67 N.M. 101, 352 P.2d 1013 (1960); *International Derrick & Equip. Co. v. Buxbaum*, 240 F.2d 536 (3d Cir. 1957); *Cohen & Powell, Inc. v. Great American Indem. Co.*, 127 Conn. 257, 16 A.2d 354, 131 A.L.R. 1102 (1940). It would serve no useful purpose to discuss these cases because the result in each case is dependent upon the particular facts involved. Counsel has not cited nor have we found any decision from the state of Washington or elsewhere interpreting the instant exclusion in a homeowner's policy.

■ Defendants assert the words "care, custody or control" are ambiguous. We disagree. It has been decided in our state that these words are unambiguous, being words of common usage and connotation in the vocabulary of laymen, and must be given their plain and ordinary meaning. *Madden v. Vitamilk Dairy, Inc., supra*. Although the *Madden* case involved a commercial transaction under a general liability policy, we conclude the words are not rendered ambiguous because they are used in a noncommercial transaction under homeowner's policy exclusion.

In light of the evidence, the trial court correctly found and concluded that the dragster was within the care, custody or control of the defendants within the meaning of the policy exclusion. Both parties understood that the defendants were to keep the dragster safe by excluding everyone from it, except Abellera or others with his express permission. Defendants thereby undertook affirmative duties with respect to the dragster bringing it within their care, cus-

tody or control and within the exclusionary clause of the policy.

Plaintiff contends the "care, custody or control" provision should be limited to commercial transactions with the insured. We cannot agree. The insurance policy does not so limit the provision. For this court to do so would result in rewriting the insurance contract. This we cannot do.

It should be noted the policy provided coverage for property in the care, custody and control of an insured not to exceed $250. The insured did not increase this coverage.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.