## Erie Indemnity Co. v. McMullen

*Delano M. Lantz,* for petitioner.
*James D. Flower* and *Heath L. Allen,* for defendants.

SHUGHART, *P.J.,* January 7, 1977 — Erie Indemnity Company (hereinafter Erie) petitioned the court pursuant to the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, 12 P.S. §§831 et seq., for a declaration of its obligations, if any, under a contract of insurance issued to Lloyd C. Sultzbaugh, with regard to a suit pending against the insured. A nonjury trial was conducted before the writer on December 14, 1976, briefs were submitted, and oral argument of all parties was heard.

Defendant Sultzbaugh is an independent building contractor who works with structural steel. In December, 1975, he was erecting a prefabricated steel building near New Kingston, Cumberland

County, pursuant to an oral contract with defendant John R. McMullen, agent for defendant Sharon Metal Products, Inc. The owner of the site had provided a concrete foundation for the building, complete with bolts imbedded therein to which the structural steel would be anchored. McMullen arranged for delivery of the components of the prefabricated structure to the site, and Sultzbaugh was responsible for unloading the components and erecting the building.

On Friday, December 14, 1975, most of the framework of the structure, about 40 percent of the entire building, was completed when Sultzbaugh and his four employes halted work and left the jobsite, intending to resume work the following Monday. Within an hour after leaving, Sultzbaugh received a telephone call at his shop notifying him that most of the structure had collapsed, damaging the steel components and the foundation. Replacement parts were provided by McMullen and Sharon Metal Products, Inc., who subsequently sued Sultzbaugh for their losses in an action in this court filed to 3707 Civil 1975. Sultzbaugh, holding a comprehensive general liability policy of insurance issued by Erie, presented the claim to the insurer. Erie denied coverage and refused to defend the action asserting that the claim is excluded from coverage by the following provisions of the policy:

"This insurance does not apply: . . .

"(k) to *property damage* to . . .

"(3) property in the care, custody or control of the *Insured* or as to which the *Insured* is for any purpose exercising physical control; [or] . . .

"(o) to property damage to work performed by or on behalf of the *named Insured* arising out of the

work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith. . . ." (emphasis that of the policy).

Upon receipt of this decision, all three defendants threatened Erie with suit — McMullen and Sharon Metal Products, Inc., to enforce a judgment if they prevail in the suit, and Sultzbaugh, to recover the costs of defense if he prevails. Since no party has objected to the procedure employed, we will render a declaratory judgment without discussion or decision as to the propriety of its use in this situation.

In Huntingdon Industries, Inc. v. Pennsylvania Mfrs' Assn. Cas. Ins. Co., 49 D. & C. 2d 35, 42-43 (Phila. 1969), Judge Jamieson made the following observations:

"The 'care, custody or control' clause has been the subject of frequent judicial interpretation. The language of the clause has been held inherently ambiguous by some courts, and clear and unambiguous by others. See Annotation, 62 A.L.R. 2d 1242 (1958). Just what measure of control, or right to control, is necessary for the clause to be operative is not clearly spelled out in the policy. It is apparent from review of the decisions that the applicability of this provision depends largely on the facts and circumstances of each case."

We therefore turn to case law to find the meaning of "care, custody or control" and to see how it has been applied in different fact situations.

Courts applying the law of Pennsylvania have held that the provision excludes coverage if the insured is handling the property at the time it is damaged: International Derrick & Equipment Co. v. Buxbaum, 240 F.2d 536 (3d Cir. 1957); Masters v. Celina Mutual Ins. Co., 209 Pa. Superior Ct. 111, 224 A.2d 774 (1966), or if the property is

otherwise within the possession of the insured: Huntingdon Industries, Inc. v. Pennsylvania Mfrs' Assn. Cas. Inc. Co., supra (insured was a bailee of the damaged property). Other jurisdictions agree that physical possession of the damaged property, regardless of ownership, is sufficient to bring the exclusion into operation: Annot., 62 A.L.R. 2d 1242 (1958, Supp. 1976). They are not in accord as to whether proprietary control of the damaged property by the insured operates to exclude coverage. Compare Phoenix of Hartford v. Holloway Corp., 268 So. 2d 195, 199 (Fla. App. 1972) with Sanco Co. v. Employers Mutual Liab. Co. of Wisc., 102 N.H. 253, 154 A.2d 454 (1959) and Newfoundland American Ins. Co. v. Kamieniecki, 104 N.H. 425, 188 A.2d 480 (1963). No Pennsylvania cases on point have been found.

Here it is clear from the testimony that Sultzbaugh was not handling the property at the time it was damaged. Neither was he occupying the site to the exclusion of others, as would be necessary to establish the possession of real property: Cohen v. Keystone Mutual Cas. Co., 151 Pa. Superior Ct. 211, 30 A.2d 203 (1943). He merely had access to the land and materials for the purpose of performing his services. Petitioner argues, however, that because Sultzbaugh may be held liable in tort for his negligence at the jobsite even though he is absent at the time of injury, he has supervisory responsibility for the jobsite and must be deemed "in control" of it. The same argument was met and dismissed in Innis v. McDonald, 150 N.E. 2d 441 (Ohio C.P.) affirmed per curiam 150 N.E. 2d 447 (Ohio App. 1956), where the court observed that the level of "care" or "control" required to invoke the exclu-

sion must be greater than the duty to exercise ordinary care which, if breached, will support an action in trespass. Were this not the case, the exclusion would deny all liability coverage.

Petitioner has also argued that the purpose of the exclusion is to preclude coverage for losses that could have an excessive rate of occurrence due to moral hazard. We agree, however, with the New Jersey court that "[i]t is difficult to conceive how the question of moral hazard could arise with reference to property belonging solely and unconditionally to others.": Elcar Mobile Homes, Inc. v. D. K. Baxter, Inc., 66 N.J. Super. 478, 169 A.2d 509, 512 (1961). Thus, the case before us presents no reason to extend the meaning of "care, custody or control" beyond that given it in cases already decided in Pennsylvania. We conclude that defendant Sultzbaugh was not in custody and control of the steel as contemplated by the exclusion in the policy.

While we have not relied thereon, two cases from other jurisdictions reach the same result as we do. The reasoning of General Mutual Ins. Co. v. Wright, 7 Misc. 2d 331, 161 N.Y.S. 2d 974 (Sup. Ct. 1957), that erected structural steel is incapable of control within the meaning of the policy, is unacceptable because steel is no different than other property attached to land, which is capable of such control. See Condenser Service & Eng. Co. v. American Mutual Liab. Co., 58 N.J. Super. 179, 155 A.2d 789 (1959). Kirchner v. Hartford Accident & Indem. Co., 440 S.W. 2d 751 (Mo. App. 1969), is more persuasive in its reasoning, but there is no need to decide as that court did that proprietary control alone will never suffice to bring the exclusion into operation.

The meaning of the second exclusionary clause

quoted above is not clear when applied to the facts before the court. The provision excludes *"property damage* to work performed" (emphasis ours), yet the work performed by Sultzbaugh is purely a service rather than a product. The claims for which Sultzbaugh seeks indemnity do not include an amount for replacement of his work, namely the cost of erecting the replaced components, but only for replacement of building materials owned by the other defendants. The "work performed" exclusion applies to the work and all materials furnished by the insured: Beibel Bros., Inc. v. United States Fidelity and Guaranty Co., 522 F.2d 1207 (8th Cir. 1975), but does not apply to property of others upon which the insured performs his services: Hendrix Electric Co. v. Casualty Reciprocal Exchange, 297 So. 2d 470 (La. App. 1974). Possibly another interpretation of "work performed" can be contrived, but "[if] the language of a policy prepared by an insurer is either ambiguous, obscure, uncertain or susceptible to more than one construction, we must construe that language most strongly against the insurer and accept the construction most favorable to the insured.": Blocker v. Aetna Cas. and Surety Co., 232 Pa. Superior Ct. 111, 114, 332 A.2d 476, 478 (1975). Exclusion "o" is, therefore, inapplicable to the prospective liability of Sultzbaugh.

## ORDER

And now, January 7, 1977, for reasons stated in an opinion filed this date, it is ordered and directed that petitioner assume defense of the action filed to 3707 Civil 1975, on behalf of its insured, Lloyd C. Sultzbaugh, and assume liability for any damages assessed against Lloyd C. Sultzbaugh in that suit.