NATIONAL STANDARD INSURANCE
COMPANY, Appellant,

v.

WILSON INDUSTRIES, INC., Appellee.

No. 1700.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 21, 1977.

Rehearing Denied Oct. 31, 1977.

George A. Rustay, Richard W. Ewing,
Schleider & Ewing, Houston, for appellant.

Henry P. Giessel, Alice Giessel, Talbert,
Giessel & Stone, Houston, for appellee.

CIRE, Justice.

Defendant appeals from a directed verdict granted in plaintiff's favor. The basis of this suit stems from the sinking of a vessel known as the "Little Bubba" or "Little Bubber" on April 26, 1970. Plaintiff-appellee Wilson Industries, Inc. was the insured under a comprehensive general liability policy issued by defendant. Plaintiff-appellee was sued in the Federal District Court for the Eastern District of Louisiana by the owner of the sunken vessel. Appellant denied coverage and defense of that suit on the basis of policy exclusions. An out of court settlement for $47,500.00 was reached in the federal suit between the owner and appellee. Appellee instituted this suit to recover the amount of the settlement and costs of defense in the Louisiana suit.

Plaintiff's original petition alleged that the insurance policy providing comprehensive general liability coverage was in full force and effect on April 26, 1970, the date of the sinking. The policy provided a maximum of $100,000.00 property damage liability for each occurrence. The policy additionally provided that the defendant would defend liability suits brought against the plaintiff, but the defendant denied coverage on the owner' claim. As a result, plaintiff employed its own attorney to defend the suit and alleged approximately $10,-000.00, plus interest, as reasonable attorney's fees. Thus the plaintiff, in the original petition, sought to recover $47,500.00, attorney's fees, interest, and other defense costs.

Defendant-appellant's denial of coverage was based on an exclusionary clause in the insurance contract. The exclusion reads:

(i)(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control . . . .

The trial court ruled that, as a matter of law, no factual issues existed and the exclusionary clause was inapplicable.

Appellant's first four points assert error by the trial court in granting plaintiff's motion for directed verdict. We overrule these points.

The agreement between the ship owner and the appellee was in the form of an oral time charter which is defined thusly:

The vessel is chartered or "leased" to the charterer for a fixed period of time. Custody and control remains with the vessel owner. The vessel owner hires, pays and is the employer of the master and crew. The owner pays all of the operating expenses of the vessel and the time charterer merely has the use of the vessel in return for his payment of the charter hire.

1. J. Norris, The Law of Maritime Personal Injuries § 130, at 245, 246 (3d ed. 1975). In preparation for the work involved, the appellee had certain tools welded on the deck of the vessel and it was the duty of the appellee's crew to install bumpers upon an oil well platform in the Gulf. It is clear that the vessel was to be utilized as a platform by the appellee's crew to perform their duties. The vessel, however, remained under the captain's supervision and control.

The applicable rule when examining a "care, custody or control" clause was stated in *Goswick v. Employers' Casualty Co.*, 440 S.W.2d 287 (Tex.Sup.1969) and distinguishes between tools under the physical control and items merely incidental to the intended duty. In *Goswick*, the insured was in the oil well servicing business and was hired to change an underground pump. It was necessary for the insured to remove rods and tubing from the well and, during that process, an explosion caused the tubing to drop to the bottom of the hole thus causing

extensive damage to the well. Insurer denied coverage of the well on the basis of a "care, custody or control" exclusion. The court stated:

This is the language of the traditional manufacturers' and contractors' comprehensive liability policy form. If the insured under such a policy is repairing or installing item # 1 adjacent to item # 2 and within the premises of a building, when his negligence causes damage to items # 1 and # 2, as well as to the building, the exclusion denies coverage only as to that property damaged which was within his possessory control. The cases have limited this "control" to the particular object of the insured's work, usually personalty, and to other property which he totally and physically manipulates.

440 S.W.2d at 289. The court determined that the insured had complete physical control over the rods and tubing which were a necessary element of the work involved but did not have direct control over the well. The well was merely incidental to the insured's specific task.

■ The court in *Goswick* cited with approval the case of *Maryland Casualty Co. v. Hopper*, 237 S.W.2d 411 (Tex.Civ.App.—El Paso 1950, no writ) which involved a tank explosion:

Though the tank connection and valves were used for the purpose of accomplishing the work, . . . the tanks themselves were incidental to the construction and not within the care, custody or control of the insured.

*Goswick v. Employers' Casualty Co.*, 440 S.W.2d at 290. Here, as in the *Maryland Casualty* decision, the vessel, although used for accomplishing the work, was not within the care, custody or control of the insured.

■ Appellant's fifth point of error complains that the trial court erroneously struck paragraph five from appellant's answer. The objectionable paragraph, however, alleged prior and contemporaneous negotiations which would vary the clear and express language of the insurance policy

and was properly stricken by the court. The parol evidence rule prohibits the introduction of such negotiations into evidence in the absence of fraud, accident or mistake. *Board of Regents of State Teachers Colleges of Texas v. Goetz,* 453 S.W.2d 290 (Tex.Sup.), *cert. denied,* 400 U.S. 807, 91 S.Ct. 43, 27 L.Ed.2d 36 (1970).

Appellant's sixth point of error has been considered and is overruled.

The judgment of the trial court is affirmed.