**RONALCO, INC., Movant,**

v.

**HOME INSURANCE COMPANY, Respondent.**

Supreme Court of Kentucky.

Sept. 2, 1980.

Rehearing Denied Nov. 3, 1980.

William A. Miller, Sr., Louisville, for movant.

Joseph C. O'Bryan, Louisville, for respondent.

STEPHENS, Justice.

The issue before the court is whether the trial court properly granted summary judgment for respondent, Home Insurance Company, holding that an exclusionary clause in a contract of insurance is applicable to relieve respondent of liability.

Movant, Ronalco, Inc., contracted with International Harvester to replace the innermost lining of a furnace. The old lining was to be removed by use of small dynamite charges. Prior to beginning the job, Ronalco purchased a special dynamiting endorsement to its liability policy from Home Insurance. While the work was being done, a dynamite charge misfired and damage was done to the outer wall of the furnace. International Harvester demanded payment for the damage from Ronalco, and Ronalco made the repairs and filed a claim with Home Insurance. Home Insurance denied the claim, based on an exclusion in the policy, as follows:

> This insurance does not apply to property damage to property owned or occupied by or rented to the insured, property used by the insured, or property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control.

The parties agreed that there were no issues of fact, and the case was submitted to the trial court for decision pursuant to CR 56. The Jefferson Circuit Court held that the entire furnace was under the control of Ronalco, and thus the exclusion applied and Home Insurance was entitled to summary judgment. The Court of Appeals affirmed and we granted discretionary review.

The contract between Ronalco and International Harvester was for removing and replacing the refractory lining of a furnace permanently affixed to the premises of International Harvester. The furnace consists of an outer metal shell, a layer of insulation, a layer of firebrick, and an inner lining of fire resistant material. Under the terms of the contract, Ronalco was to use dynamite to break up the lining and then remove it from the furnace. At that time, International Harvester would make any necessary repairs to the outer shell, and Ronalco would then return and replace the inner lining. Ronalco was prevented, both by the terms of its agreement with International Harvester as well as by union regulations, from doing work on any part of the furnace other than the inner lining.

Home Insurance argues, and the trial court and Court of Appeals agree, that under these circumstances the entire furnace was under the control of Ronalco within the terms of the exclusionary clause in question. *United States Fidelity & Guaranty Co. v. Wells*, Ky., 380 S.W.2d 75 (1964), is cited in support of this proposition. In *Wells*, the insurance contract contained an exclusionary provision identical to the one at issue in this case. The insurance company declined a claim for damages to an automobile in the garage of the insured. The owner of the automobile brought it to the garage to have the tailpipe welded, and the automobile caught on fire while the welding was being done. We held that the "usual garage bailment arrangement" existed under which the entire car was within the control of the operator of the garage, and the exclusion in the policy applied. We do not find *Wells* to be controlling in the instant case.

We explained in *Commonwealth v. Polk*, 256 Ky. 100, 75 S.W.2d 761, 764 (1934), that a bailment is created by "delivery of the

thing in trust for some special object or purpose." There is no question that the bailee must take physical control of the property which is the subject of a bailment. When a person leaves a car to be repaired at a garage a bailment is created, because the mechanic exercises control over the whole car even though it may be only a small part which is in need of repair, as in *Wells.* In the situation of a bailment it is clear that an exclusionary clause which declines coverage of property in the "care, custody or control of the insured" would be applicable. However, no bailment existed in the case at bar. The furnace to be repaired is permanently affixed to the premises of International Harvester and thus could not possibly be delivered to Ronalco. At all times, International Harvester retained ultimate supervision over the furnace. The relationship between International Harvester and Ronalco was not that of bailor and bailee, but was merely that of two parties to a contract for services. Thus, *United States Fidelity & Guaranty Co. v. Wells, supra,* has no application in this case.

Having determined that no bailment existed, we must still face the question of whether the damaged property was nevertheless within the care, custody or control of Ronalco. Ronalco urges us to adopt a theory applied by a number of our sister states, such that "where the property damaged is merely incidental to the property upon which the work is being performed by the insured, the property is not in the care, custody or control of the insured within the meaning of the exclusion clause of a contractor's or similar liability policy." 62 ALR2d 1247, 1248 (1958). We believe this to be a well reasoned approach. *Accord, Hardware Mutual Casualty Co. v. Crafton,* 233 Ark. 1020, 350 S.W.2d 506 (1961); *Phoenix of Hartford v. Holloway Corp.,* Fla., 268 So.2d 195 (1972); *Royal Indemnity Co. v. Smith,* 121 Ga. 272, 173 S.E.2d 738 (1970); *Connie's Construction Co., Inc. v. Fireman's Fund Insurance Co.,* Iowa, 227 N.W.2d 204 (1975); *Hendrix Electric Co., Inc. v. Casualty Reciprocal Exchange,* La.App., 297 So.2d 470 (1974); *McCreary Roofing Co. v. North-*

*ern Insurance Co. of New York,* 218 Pa.Super. 193, 275 A.2d 388 (1971); *National Standard Insurance Co. v. Wilson Industries Inc.,* Tex., 556 S.W.2d 838 (1977); *Madden v. Vitamilk Dairy, Inc.,* 59 Wash.2d 237, 367 P.2d 127 (1961).

We will not burden this opinion with a factual description of each of the cases cited above. The rule we have gleaned from them provides that where the property damaged is under the supervision of the insured and is a necessary element of the work involved, the property is in the care, custody or control of the insured within the meaning of an exclusionary clause in a liability policy. However, where the property damaged is merely incidental to the property upon which the work is being performed by the insured, the exclusion is not applicable. *See, e. g., International Derrick & Equipment Co. v. Buxbaum,* 240 F.2d 536 (3rd Cir. 1957) (applying Pennsylvania law).

In the case at bar, we believe the outer shell of the furnace was, as a matter of law, within the exclusive control of International Harvester. Ronalco could not do any work on the outer shell, and its only contact with the shell was incidental to its work on the inner lining. Although we realize that it may be problematic to consider a single furnace as more than one piece of property, it is obvious from the record that it was so considered by Ronalco and International Harvester when the original contract between the two was negotiated. This position is further bolstered by the union guidelines applicable to Ronalco's workers on the International Harvester job, which precluded them from doing any work on the furnace other than the inner lining. We are in agreement with the Supreme Court of Georgia on this matter, which said: "We recognize that breaking up structure into component parts to apply this exclusion is in some measure illogical. However, we are forced to do this by the wording of the exclusion itself . . . ." *Royal Indemnity Co. v. Smith, supra,* 173 S.E.2d at 741.

Finally, Kentucky courts have consistently held it to be a "fundamental rule in the construction of insurance policy contracts that the contract shall be liberally construed and any doubts resolved in favor of the insured." *State Farm Mutual Automobile Insurance Co. v. Shelton*, Ky., 413 S.W.2d 344, 347 (1967). We adhere to that rule in reaching this result.

We hold that the property damaged was not within the care, custody or control of Ronalco so as to bring it within the exclusion of the insurance policy with Home Insurance Company.

The decision of the Court of Appeals and the judgment of the circuit court are reversed, and the case is remanded to the Jefferson Circuit Court for further proceedings consistent with this opinion.

All concur, except STEPHENSON and STERNBERG, JJ., who dissent.