[No. 13799-6-III.     Division Three.     April 6, 1995.]

CASHMERE PIONEER GROWERS, INC., ET AL, *Appellants*, v.
UNIGARD SECURITY INSURANCE COMPANY, *Respondent.*

*Catherine W. Smith* and *Edwards, Sieh, Hathaway, Smith & Goodfriend; Robert W. Burns,* for appellants.

*Timothy J. Donaldson,* for respondent.

SCHULTHEIS, J. — Taplett Fruit Packing, Inc., delivered apples to Cashmere Pioneer Growers, Inc., for controlled atmosphere (CA) storage. While in storage the apples froze. Taplett eventually sought coverage from Cashmere's insurers, including Unigard Security Insurance Company. The Unigard policy contained an exclusion for damage to personal property in Cashmere's care, custody or control. On cross motions for summary judgment, the court granted judgment to Unigard. Taplett appeals, contending the exclusion does not apply because the apples were within the exclusive care, custody or control of a Cashmere employee, not Cashmere. We affirm.

In September 1990 Taplett delivered more than 2,000 tons of apples to Cashmere for storage in two CA rooms pursuant to storage agreements executed by the companies in August. The storage agreements required Cashmere to maintain storage temperatures of approximately 32 degrees and Taplett to maintain insurance on the apples. In spring 1991, when the rooms were opened to pack and ship the apples, Taplett discovered the apples were frozen. Taplett submitted a claim to its insurer, Ropner Insurance Company, which was paid within policy limits. Taplett then sued Cashmere and Harry Warman, Cashmere's director, president and manager, for breach of contract, negligent misrepresentation of Cashmere's storage capabilities, negligent training and supervision of Cashmere's employees, and negligent failure to warn Taplett its apples were not being monitored.

Cashmere tendered its defense to Unigard, with whom it had a commercial general liability insurance policy.[1] Unigard denied coverage on the basis of the care, custody or control exclusion in the policy, which reads:

---

[1]Unigard notes the damage might be within a warehouseman liability policy. That is not the issue here.

This insurance does not apply to:

. . . .

j. "Property damage" to:

. . . .

(4) Personal property in your care, custody or control;

The word "your" is defined in the policy as follows: "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." The named insured is Cashmere Pioneer Growers (a corporation). Among those listed as "an insured" are the corporation, its directors and executive officers with respect to their duties as such, and employees other than executive officers for acts within the scope of their employment.

Cashmere was placed in receivership. The receiver and Taplett reached a settlement and in October 1992 Cashmere confessed judgment to Taplett. Taplett obtained stipulated findings of fact and conclusions of law, and an assignment of Cashmere's insurance claims; in return, it agreed not to execute the judgment against Cashmere. Taplett then sued Cashmere's insurers, Unigard and Industrial Insurance Company of Hawaii. The coverage issue came before the court in June 1993 on cross motions for summary judgment. The court ruled in favor of both insurance companies, but only the Unigard judgment is before us on appeal. The court determined the apples were in the care, custody and control of Cashmere, and that even if a Cashmere employee had joint custody, care or control of the stored apples by virtue of his job to maintain storage conditions, the exclusion in Unigard's policy applied.

## STANDARD OF REVIEW

When reviewing an order of summary judgment, this court engages in the same inquiry as the trial court. RAP 9.12; *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

Insurance policies should be construed in a fair, reasonable and sensible manner, consistent with the construction that would be given the policy by the average person purchasing insurance. *Mutual of Enumclaw Ins. Co. v. Jerome*, 122 Wn.2d 157, 160, 856 P.2d 1095 (1993). Undefined terms must be given their plain, ordinary and popular meanings. *Jerome*. Interpretation of an insurance contract is subject to de novo review. *Jerome*. The sole issue before us is whether the court misinterpreted the exclusionary clause.

## DECISION

Taplett contends the apples were in the exclusive care, custody or control of a Cashmere employee, Ross Mustard.[2] Taplett argues he was the only person with the knowledge necessary to maintain the controlled atmospheres in the storage rooms, and that was his job; no one else was assigned to maintain CA conditions. Since the exclusion covers only the "Named Insured" (Cashmere, the corporate entity), Taplett contends it does not apply. *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 659 P.2d 509 (1983), *modified*, 101 Wn.2d 830, 683 P.2d 186 (1984); *Holter v. National Union Fire Ins. Co.*, 1 Wn. App. 46, 459 P.2d 61 (1969).

Taplett supports its contention in part with the findings and conclusions entered in its suit against Cashmere as part of the confessed judgment, specifically that (1) Mr. Mustard was an employee of Cashmere, (2) Mr. Mustard had care, custody and control of Taplett's apples, and (3) Mr. Mustard's negligence caused Taplett's losses. It argues Unigard is collaterally estopped from challenging those factual determinations. Taplett further argues that if collateral estoppel does not apply, it is undisputed the apples were in Mr. Mustard's care, custody and control when they were damaged.

The trial court did not reach the estoppel issue, nor was it required to do so. Even if by virtue of his job Mr. Mustard exercised some care, custody or control over the apples in cold storage, they were placed in the primary care,

---

[2]Taplett did not name Mr. Mustard as a defendant and he was not a party in the lawsuit.

custody and control of Cashmere pursuant to the storage contracts. To the extent the employer and the employee were both in charge of the apples, they shared joint responsibility, but Mr. Mustard's caretaking activities did not remove the fruit from Cashmere's care, custody and control. The policy does not require Cashmere's care, custody or control to be exclusive. Under the plain language of the policy, there was no coverage.

*Schroeder* and *Holter* are not controlling. In neither of those cases was the damaged property ever delivered to the insureds. In both of those cases, the negligent employees left the employers' premises and damaged property that was never in the direct physical care, custody or control of the insured employer company.[3]

*New Hampshire Ins. Co. v. Abellera*, 6 Wn. App. 650, 495 P.2d 668 (1972) is more nearly on point. In *Abellera* the New Hampshire Insurance Company policy issued to homeowners Kupferer contained a care, custody or control exclusion like that in this case. The trial court ruled the exclusion applied to a dragster owned by a friend of the Kupferers which was destroyed by fire while stored in their garage. We affirmed, determining the homeowners undertook affirmative duties with respect to the dragster stored in their garage when they took it into their care, custody or control. Although the car's owner had access, the lack of exclusive care, custody or control did not nullify the exclusionary clause of the policy. Here, the apples were not merely stored at Cashmere's facility. Cashmere undertook contractual duties to care for the apples in a particular manner, to maintain them in an atmosphere with a specified temperature and chemical composition. The fruit clearly came within the exclusion.

Taplett requests fees for having to litigate coverage. Since Unigard's policy does not provide coverage, attorney fees are not warranted.

---

[3]Also inapposite are cases involving self-storage facilities such as that in *Reynolds v. Select Properties, Ltd.*, 634 So. 2d 1180 (La. 1994), submitted by Taplett in its supplemental statement of authority, when the insured owners of the facility simply lease space and have no custody, care or control of property stored there.

Affirmed.

THOMPSON, C.J., and MUNSON, J., concur.

Review denied at 127 Wn.2d 1011 (1995).