APPICELLI SALES AND SERVICE, INC v
CITIZENS MUTUAL INSURANCE COMPANY

OPINION OF THE COURT

1. INSURANCE—LIABILITY INSURANCE—PHYSICAL CONTROL.
    An insurance policy that excludes coverage for a machine while
    the insured is exercising physical control of the machine ex-
    cludes coverage for damage caused to a mechanical cherry
    picker where the insured was in actual physical control of
    lifting the picker off of a truck when the machine was dam-
    aged, even though others directed the operation and rendered
    some physical assistance.

DISSENT BY T. M. BURNS, P. J.

2. INSURANCE—LIABILITY INSURANCE—PHYSICAL CONTROL.
    *An insurance policy that excludes coverage for property under
    the physical control of the insured does not exclude coverage
    for damage caused to a mechanical cherry picker where the
    damage occurred while the insured was lifting the picker off of
    a truck, the lifting operation was directed at all times by
    noninsured persons, and the insured was carrying out the
    noninsured persons' orders when the machine was damaged.*

Appeal from Manistee, Charles A. Wickens, J.
Submitted Division 3 March 7, 1972, at Grand
Rapids. (Docket No. 11576.) Decided April 27, 1972.
Leave to appeal denied, 388 Mich 769.

Complaint by Appicelli Sales and Service, Inc.,
against Citizens Mutual Insurance Company for a
declaratory judgment interpreting an insurance
policy. Judgment for plaintiff. Defendant appeals.
Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 44 Am Jur 2d, Insurance § 1299 *et seq.*

*Jennings & DeVries,* for plaintiff.

*Menmuir & Zimmerman,* for defendant.

Before: T. M. Burns, P. J., and Fitzgerald and Danhof, JJ.

Danhof, J. The plaintiff brought this action seeking a declaratory judgment that there was coverage under a policy of insurance and that the defendant had a duty to defend it in a pending action. The trial court granted the judgment; however, we are compelled to reverse.

Appicelli Sales and Service, Inc., was hired by Transco Northwest, Inc., to unload a mechanical cherry picker from a flatbed trailer. This operation was to be accomplished by the use of a wrecker on which was mounted a 19-ton winch operating a homemade boom. Employees of both Transco and Appicelli Sales were involved in the operation. Transco's employees directed the operation and rendered some physical assistance. However, an employee of Appicelli Sales was in actual physical control of the lifting. In the course of the operation, the cherry picker fell to the ground and was damaged. Transco then brought an action against Appicelli Sales and Service, Inc.

The defendant bases its failure to defend on an exclusionary clause which excludes coverage for "property in the care, custody or control of or being transported by the insured *or property as to which the insured is for any purpose exercising physical control"*. The general rule governing this type of clause is stated in Anno: *Liability insurance of garages, motor vehicle repair shops and sales agencies, and the like,* 93 ALR2d 1047, 1072:

"Most garage liability policies contain clauses which

exclude specifically or qualify the liability coverage provided for certain types of causes or losses. In passing upon these exclusion clauses, the courts have generally applied the rule that if such limitations are not expressed plainly and without ambiguity they will be construed strictly against the insurer and liberally in favor of the insured, in order that the purpose of the insurance will not be defeated. However, if the limitations are plainly expressed, the insurers are entitled to have such limitations construed and enforced as expressed, assuming they are not contrary to law or public policy."

After examination of the record we can only conclude that this case falls within the exclusion.

Reversed and remanded, costs to the defendant.

FITZGERALD, J., concurred.

T. M. BURNS, P. J. *(dissenting)*. The question to be answered in this appeal is whether or not the plaintiff was exercising physical control over the cherry picker at the time it was damaged. In my opinion it was not.

The owners of the machine were at all times advising plaintiff's employee as to how the machine was to be unloaded. Plaintiff's employee was in the process of carrying out the orders of the owners when the machine dropped. In my opinion physical control over the machine was being exercised by the owners during the operation since they were at all times directing the unloading. The fact that plaintiff's wrecker was being used does not constitute the type of control over the machine which would make the policy's exclusionary clause applicable.

In my opinion the exclusionary clause does not apply. The trial court's judgment should be affirmed.