528 P.2d 980 (1974)
HOWARD ASSOCIATES, INC. d/b/a Denver Union Stockyard Co., Plaintiff-Appellee,
v.
HOME INDEMNITY COMPANY, Defendant-Appellant.
No. 74-086.
Colorado Court of Appeals, Div. II.
September 24, 1974.
Rehearing Denied October 22, 1974.
Certiorari Denied December 16, 1974.
Ashen & Fogel, George T. Ashen, John F. Griebel, Denver, for plaintiff-appellee.
Peter Watson, J. Andrew Nathan, Denver, for defendant-appellant.
Selected for Official Publication.
RULAND, Judge.
Defendant Home Indemnity Company (Home Indemnity) appeals from a judgment of $3,299.98 entered in favor of plaintiff in connection with an insurance claim. We reverse.
Prior to the trial of this case to the court, the parties stipulated to the pertinent facts. The stipulation reflects that plaintiff operates a livestock auction business. Plaintiff purchased an insurance policy from Home Indemnity which indemnified plaintiff from liability for personal injury and property damage under certain circumstances. The policy contained various exclusions; the exclusion at issue here provided:
"This insurance policy does not apply. . . (i) to property damage to. . . (3) property in the care, custody, or control of the insured or as to which the insured is for any purpose exercising physical control . . . ."
On October 27, 1971, plaintiff sold cattle owned by third parties to Hazelhurst Company at auction. Title was transferred to the purchaser, but delivery was deferred to October 30, with the understanding that plaintiff would maintain the cattle at its auction yard until delivery. Following the sale, the cattle were moved from pens on one side of the auction yard through a tunnel underneath a road to other pens. After the cattle had been driven underneath *981 the road, the cattle turned without warning, stampeded, and ran down into the tunnel and against a gate which had been closed. According to the stipulation:
"The cattle were completely out of the control of anyone, as they ran into the gate trampling approximately 19 head of cattle to their death . . . ."
Plaintiff initiated this action to recover the value of the 19 cattle, and defendant denied liability on the basis of the policy exclusion. The trial court concluded that since the cattle were out of the control of anyone during the stampede, the exclusion did not apply and entered judgment for plaintiff.
Although the "care, custody, or control" exclusion has existed in various types of liability insurance policies for some time, see 12 G. Couch, Insurance, § 44:424 (2d ed. R. Anderson), Colorado is without precedent as to interpretation of this exclusion. Both parties base their position in this appeal on interpretation of the word "control," since the responsibility for "care" and "custody" of a chattel is dependent upon either actual control or the right of control. On the one hand, plaintiff contends that this word refers to actual physical control at the time of the accident. See, e. g., Hardware Mutual Casualty Co. v. Crafton, 233 Ark. 1020, 350 S.W.2d 506; Falls Sheet Metal Works, Inc. v. United States Fidelity & Guaranty Co., 17 Ohio App.2d 209, 245 N.E.2d 733. Defendant on the other hand, contends that "control" refers to actual control or the right to control. See, e. g., Buchanan v. Employers Mutual Liability Insurance Co., 201 Kan. 666, 443 P.2d 681; General Insurance Co. of America v. Camden Construction Co., 115 Ga.App. 189, 154 S.E.2d 26. There is support for either viewpoint, the cases from the various jurisdictions being in irreconcilable conflict. See Employers Mutual Liability Insurance Co. v. Puryear Wood Products Co., 247 Ark. 673, 447 S.W.2d 139; 12 G. Couch, Insurance, supra, § 44:425, Annot., 62 A.L.R.2d 1242. In our view, the conflict results from the necessity of interpreting the exclusion within the context of dissimilar factual situations.
In the present case, the stipulation discloses that at the time of the accident: (1) Plaintiff had assumed responsibility for maintaining the cattle on its premises until delivery to Hazelhurst Company; (2) the cattle were in fact confined in pens owned by plaintiff, and, (3) while no one was in actual control of the cattle during the stampede, plaintiff had attempted to exercise control of the cattle by confining them in the pens in question.
Although exclusions in an insurance policy generally are construed in favor of the insured, we may not engage in a forced construction to reach that result. Beeson v. State Automobile & Casualty Underwriters, Colo.App., 508 P.2d 402, affirmed, Colo., 516 P.2d 623. Where, as here, the insured has undertaken the responsibility for maintaining personal property and is in fact attempting to exercise control thereof at the time of an occurrence which damages the property, we hold that the insured has that degree of "care, custody or control" of the property contemplated by the exclusion. To conclude otherwise would, in our view, render the exclusion virtually meaningless. Hence, Home Indemnity may not be held responsible for the loss in this case. See Appicelli Sales & Service, Inc., v. Citizens Mutual Insurance Co., 40 Mich.App. 287, 199 N.W.2d 242; New Hampshire Insurance Co. v. Abellera, 6 Wash.App. 650, 495 P.2d 668.
The judgment is reversed, and the cause remanded to the trial court with directions to enter judgment for defendant.
ENOCH and KELLY, JJ., concur.